OZAUKEE COUNTY, Plaintiff-Respondent,

v.

David J. FLESSAS, Defendant-Appellant.

Court of Appeals

*No. 86–1673. Submitted on briefs April 29, 1987.—Decided May 13, 1987.*

(Also reported in 409 N.W.2d 408.)

For the defendant-appellant the cause was submitted on the brief *Jeffrey W. Jensen* of *Gerald R. Turner & Associates, S.C.* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Paul V. Malloy,* assistant district attorney for Ozaukee county.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. David J. Flessas appeals from a forfeiture judgment convicting him of speeding pursuant to sec. 346.57, Stats. Upon appeal Flessas argues that the trial court erred by denying a motion in limine concerning the stationary radar reading obtained on his vehicle. Alternatively, Flessas argues that his evidence was sufficient to overcome the presumption of accuracy accorded to speed radar results. We reject both of Flessas' arguments and affirm the judgment.

In order to address the first issue, a recital of the procedural history of this case is necessary. Flessas was issued a citation for speeding at a rate of 84 miles per hour in a posted 55 mile per hour zone on Interstate Highway I-43 in Ozaukee county on August 31, 1985. Prior to the return date recited in the citation, Flessas' attorney filed a letter jury demand with the necessary tender. This letter also contained a motion for discovery pursuant to sec. 345.421, Stats. The letter recited:

> "Pursuant to Wisconsin Stats. s. 345.21 [sic], the defendant hereby moves the Court to inspect and test, pursuant to Wisconsin Stats. s. 804.09, under such conditions as the Court prescribes, any devices used by the plaintiff to determine whether a violation has been committed, and further moves the Court to order the plaintiff to turn over to the defendant all reports of experts relating to those devices as well as all maintenance reports relating to same."

The trial court scheduled the case for pretrial on October 10, 1985, for jury selection on November 13, 1985 and for jury trial on December 5, 1985. Our review of the record reveals no reference by Flessas to the discovery motion at either the pretrial or the jury selection proceedings.

On November 20, 1985, Flessas' attorney wrote to the trial court and requested an adjournment of the December 5 jury trial. The ground for the requested adjournment was a conflict with another case in Milwaukee county. This letter made no reference to the discovery motion. The trial court granted the adjournment and rescheduled the case for jury trial on January 2, 1986.

On December 3, 1985, Flessas' attorney wrote to the district attorney, with a copy provided to the trial court, making reference to the discovery motion, advising that the defense had retained an expert in the field and requesting permission to inspect the radar unit and related materials.

On December 26, 1985, Flessas' attorney again wrote to the trial court requesting another adjournment of the jury trial because the defense expert was not available on the January 2 trial date. The trial court granted this further adjournment and rescheduled the jury trial for February 6, 1986.

On January 29, 1986, Flessas' attorney requested a third adjournment of the jury trial, again citing a conflict with another case in Washington county. This letter also complained that Flessas' expert had arranged an inspection of the radar unit with the Ozaukee County Sheriff's Department but had learned, upon arriving at the department, that the unit was not available for inspection because it had been sent elsewhere "to be recalibrated." Again the trial court granted the adjournment and rescheduled the jury trial for March 5, 1986. However, the trial was rescheduled a fourth time to April 15, 1986. The reason for this adjournment is not expressly clear from the record, but apparently the court had received some indication from Flessas that he no longer wished a jury trial.

On March 15, Flessas filed a motion in limine seeking to exclude any evidence relating to the radar evidence because of the county's alleged failure to comply with the discovery demand.

The case did not proceed to hearing on April 15, however. Instead, again for reasons not clear from the

record, the trial court scheduled the motion in limine and the court trial on May 20.

Finally, on May 20, formal evidentiary proceedings on the motion in limine and the trial were commenced with the apt observation by the trial court that this case was "now the oldest County traffic case pending in the courthouse." After hearing testimony from Flessas' expert as to the motion in limine, the trial court concluded that "the laches displayed by the defendant outweighs anything here" and denied the motion in limine. Following the court trial, Flessas was found guilty of the speeding charge. He appeals.

Flessas first argues that the trial court erred by denying his motion in limine. The critical evidence in this regard is that of Joseph Rekowski, Flessas' expert. Rekowski initially testified that he made arrangements to inspect the radar unit in October 1985. Later in his testimony, after he had reviewed his notes and calendar, Rekowski admitted that he was not even retained by Flessas until December 1985 and did not attempt to make the initial inspection of the radar unit until January 1986. It was at this time that the radar unit was unavailable to Rekowski for inspection because it had been sent out of the department for testing and any needed repairs. Because of this, Rekowski testified that his inspection would be rendered less meaningful since the unit was no longer in the same condition as at the time of the issuance of the citation.

■

The state has a duty to preserve evidence that might be expected to play a significant role in a suspect's defense. *State v. Oinas,* 125 Wis. 2d 487, 490, 373 N.W.2d 463, 465 (Ct. App. 1985). That a radar unit in a speeding case is such evidence is not disputed by

the state here. The question, however, as to the effect of an alleged lack of reasonable diligence by an accused in pursuing such evidence is one which the appellate courts of this state have expressly left unanswered. *See State v. Hahn,* 132 Wis. 2d 351, 360–61, 392 N.W.2d 464, 468 (Ct. App. 1986).

For laches to arise, there must be unreasonable delay, knowledge of the course of events and acquiescence therein and prejudice to the party asserting the defense. *Gorski v. Gorski,* 82 Wis. 2d 248, 260, 262 N.W.2d 120, 126 (1978). The legal standard of reasonableness presents a question of law. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357, 361 (1983). Ordinarily, an appellate court need not defer to the trial court's determination of a question of law; however, because a trial court's legal conclusion as to reasonableness is so intertwined with the factual findings supporting that conclusion, an appellate court should give weight to the trial court's conclusion. *Id.*[1]

We are therefore called upon in this case to decide whether the statutory rights of a defendant to discovery under sec. 345.421, Stats., are violated when a police department submits the radar unit in question for testing and servicing, rendering a subsequent inspection by a defendant meaningless because the unit is no longer in the same condition as that which

---

[1]In other cases, we have held that a reasonableness determination will not require deference to the trial court's ruling. These cases, however, involve undisputed facts or only documentary evidence where credibility assessments are nonexistent or unimportant to the reasonableness determination. *Cf. State ex rel. McMillian v. Dickey,* 132 Wis. 2d 266, 281 n. 15, 392 N.W.2d 453, 458 (Ct. App. 1986).

existed at the time of the issuance of the citation. While Flessas did take a preliminary step to obtain inspection of the radar unit by filing a discovery motion under sec. 345.421, we agree with the trial court's conclusion that Flessas' ensuing failure to pursue the motion in a timely fashion constituted laches.

We recognize that neither the statutes nor the administrative code mandates periodic maintenance or testing of radar units. Nor, in according certain scientific testing methods (including stationary radar) a prima facie presumption of reliability, did the Wisconsin Supreme Court expressly require evidence of such procedures. *See State v. Trailer Serv., Inc.,* 61 Wis. 2d 400, 407–08, 212 N.W.2d 683, 688–89 (1973). The same can be said for the supreme court's comments in moving radar cases. *See State v. Hanson,* 85 Wis. 2d 233, 270 N.W.2d 212 (1978); *State v. Kramer,* 99 Wis. 2d 700, 299 N.W.2d 882 (1981); *Washington County v. Luedtke,* 135 Wis. 2d 131, 399 N.W.2d 906 (1987).

Nonetheless, such testing and servicing procedures enhance the evidentiary quality of radar readings and instill confidence to both the public and the fact finder as to the unit's reliability. That these units are subject—or should be—to such testing and servicing to assure proper working condition is common knowledge. Moreover, apart from the initial admissibility of speed radar readings, the question of the accuracy of any speed radar device in a given case is another matter. *See Hanson,* 85 Wis. 2d at 244–45, 270 N.W.2d at 218. We venture to say that a radar case is rarely, if ever, prosecuted in this state without some evidence of such testing and servicing to assure that the unit was working properly on the date in question.

Here, Flessas did not even retain Rekowski until December 19, 1985—nearly four months after the citation was issued. Thus, Flessas had no expert to examine the radar unit at the time he filed his discovery motion. While we do not hold that an accused must have an expert retained at the time a discovery motion is filed, we note that under the facts of this case, Flessas' argument would have required Ozaukee county to remove the radar unit in question from the field and hold it subject to the availability of Flessas' expert if the county wanted to assure that the radar evidence could be used at trial. Under this reasoning, this radar unit would have been unavailable to the Ozaukee County Sheriff's Department from August 31, 1985 to January 2, 1986. Given that speeding cases are commonplace, a similar state of affairs could exist with respect to all radar units of a department. This is unacceptable.

The tenor of Flessas' position on this question seems to be that someone other than he was required to act once his motion was filed. We disagree. The statute itself contemplates that the *defendant show cause* for the need to inspect and test:

> Neither party is entitled to pretrial discovery except that if the defendant moves within 10 days after the alleged violation *and shows cause therefor,* the court may order that the defendant be allowed to inspect and test under s. 804.09 and under such conditions as the court prescribes, any devices used by the plaintiff to determine whether a violation has been committed … . [Emphasis added.]

Sec. 345.421, Stats. Flessas did not accompany his discovery motion with a notice of motion or an order to show cause which would have brought the matter on for hearing. *See* sec. 801.15(4), Stats. No showing of

cause under the statute was ever made or even attempted.

Flessas could have sought a temporary order from the trial court seeking to have the unit impounded, or its condition otherwise maintained in the status quo, pending a timely inspection by his expert. He did not. Neither did Flessas address or pursue the discovery motion at either the pretrial or jury selection proceeding. We are not called upon in this case to set out for future cases those steps a defendant must take to assure that his discovery rights under the statute will be protected. We simply hold that the mere filing of a discovery motion under these facts is insufficient. The determination in each case as to how long a unit should be maintained in its status quo condition so that a meaningful inspection can be had is more properly left to the trial court which, under sec. 345.421, Stats., is expressly charged with the obligation to prescribe the conditions under which inspection and testing may occur.

Consequently, we hold that, where routine periodic testing or servicing of a radar unit renders a defendant's subsequent inspection of the unit less meaningful because the unit is not in the same condition as that existing at the time of the alleged offense, the mere filing of a discovery motion under sec. 345.421, Stats., does not preclude the prosecution from using the radar evidence at trial. We agree with the trial court's conclusion that Flessas was guilty of laches by failing to pursue his right to inspection with reasonable diligence.

Next, Flessas raises a sufficiency of evidence claim. Findings of fact by a trial court shall not be set

aside unless clearly erroneous. Sec. 805.17(2), Stats. In addition, due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. This case essentially boiled down to the trial court's assessment of the weight to be accorded Rekowski's testimony challenging the radar reading. In other words, was the prima facie presumption of reliability sufficiently rebutted? The trial court expressly held that it was not. We have reviewed the entire evidentiary record in this case and we conclude that the findings of the trial court are not clearly erroneous.

*By the Court.*—Judgment affirmed.