COURT OF APPEALS
DECISION
DATED AND FILED

April 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2030**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV243

**IN COURT OF APPEALS
DISTRICT III**

DANIEL S. KRUEGER,

   PLAINTIFF-RESPONDENT,

 V.

PAUL C. HSU AND HSU'S GINSENG ENTERPRISES, INC.,

   DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Marathon County: JILL N. FALSTAD, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Paul Hsu and Hsu's Ginseng Enterprises, Inc., (collectively Hsu) appeal from a money judgment entered against both Paul and

the corporation, stemming from a futures contract for the sale of ginseng grown by Daniel Krueger. Hsu argues that Paul was not a party to the contract with Krueger; the parties had modified the contract by their conduct; and even if the parties did not modify the contract, Krueger failed to mitigate his damages.[1] We reject Hsu's arguments and affirm.

¶2    In July 2014, Hsu and Krueger signed a contract whereby Hsu would purchase ginseng from Krueger for a four-year period at $70 per pound. In 2014 and 2105, Hsu honored the contract and Krueger received the agreed-upon $70 per pound for his crop. In 2016 and 2017, however, Hsu paid only $50 and $40 per pound, respectively. Krueger commenced an action against Paul and the corporation alleging a breach of contract and unjust enrichment. Following a bench trial, the circuit court granted a money judgment in favor of Krueger against both defendants. Hsu now appeals.

¶3    Hsu first argues the circuit court erred by finding Paul joint and severally liable with the corporation for the failed payments, when the evidence showed that at all times he was acting on behalf of the corporation of which he was the owner and president. Hsu also contends the corporation took delivery of the ginseng and issued all payments, and Paul thus should not have been held personally liable for any contract breach.

¶4    An agent who seeks to escape liability has the burden of proving that the principal's corporate status was disclosed to the aggrieved party. ***Benjamin***

---

[1] Hsu does not challenge on appeal a central issue at trial—whether there was a valid, enforceable contract. The issue is abandoned, and we shall not further address it. *See **Reiman Assocs., Inc. v. R/A Advert., Inc.***, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981).

***Plumbing, Inc. v. Barnes***, 162 Wis. 2d 837, 851, 470 N.W.2d 888 (1991). The contracting party does not have a duty to inquire into the corporate status of the principal even when it is within that party's capability of doing so. ***Id.*** The failure to use the "Inc." notation in the contract itself is often critical in the determination of whether there was adequate disclosure of corporate status. ***Id.***

¶5　Whether the contracting party has sufficient notice of the principal's corporate identity is a question of fact. ***Id.*** at 852. The standard of review following a bench trial is whether the circuit court's findings of fact are clearly erroneous. WIS. STAT. § 805.17(2) (2019-20);[2] ***Ozaukee Cnty. v. Flessas***, 140 Wis. 2d 122, 130-31, 409 N.W.2d 408 (Ct. App. 1987). Moreover, the notice must be given at or prior to the execution of the contract documents. ***Benjamin Plumbing***, 162 Wis. 2d at 852.

¶6　Here, there is no dispute that Paul approached Krueger, Paul negotiated the contract, Paul drafted the contract, and Paul signed the contract personally without using the corporate name in the contract—much less the "Inc." notation—or otherwise disclosing the corporation's status. In fact, there is no mention of the corporation on the contract line indicating "Buyer's name or company." The contract reflects neither that it was entered into for the corporation's benefit, nor that Paul was acting as an agent of the corporation at the time he executed the contract.

¶7　Hsu argues that Krueger's testimony at trial shows that Krueger had either actual or constructive notice of the corporate status. This argument fails

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

because Krueger admitted at trial only that he was familiar with "Hsu Ginseng Enterprises." Although Krueger also testified that "they" had been a buyer of his product for twenty years, Krueger clarified that this relationship had not been continuous and "I have sold to other ginseng buyers." Regardless, the testimony established only a general awareness of the entity at an unspecified time period. There is no evidence that Krueger was aware of a corporate entity at the time he executed the contract at issue in this case, and the circuit court was not clearly erroneous in so finding. On this record, we agree with the court that the contract was breached and that it was proper to find joint and several liability.

¶8      Hsu also argues that the parties modified the terms of the contract through their conduct. Hsu contends that Krueger accepted price reductions in 2016 and 2017, and that Krueger also agreed to a three-pound weight reduction per barrel for the 2017 crop due to debris in the ginseng. According to Hsu, by accepting these reductions, Krueger agreed to a modification of the contract.

¶9      Acts upon which a party relies to prove modification of a contract must unequivocally demonstrate such intent. *Nelsen v. Farmers Mut. Auto. Ins. Co.*, 4 Wis. 2d 36, 56, 90 N.W.2d 123 (1958). One party to a contract may not alter its terms without the assent of the other. *Id.* at 55. Instead, there must be a meeting of the minds as to the proposed modification. *Id.* at 55-56. Again, the circuit court's findings on this question must be upheld unless clearly erroneous. WIS. STAT. § 805.17(2).

¶10      The record fails to unequivocally show that Krueger assented to a reduction in the contract price. In fact, Krueger expressly told Hsu that he expected full payment for the crops. As the circuit court found, the record also shows that Krueger was not happy with the payments and that he never accepted

the reduced payments as payment in full. Rather, Krueger expected Hsu to honor the contract and to pay the full $70 per pound contract price, but Krueger cashed the checks for partial payments due to financial pressure he was facing at the time.

¶11 The circuit court relied upon testimony from Krueger's banker, who approved Krueger's operating line of credit and multiple advances for Krueger to grow his ginseng crop. Krueger confirmed to the banker that he had a contract for $70 per pound, the bank was shown the contract, and it was comfortable relying on the contract. After the bank learned that Hsu was not paying in full, the bank was not able to continue to fund Krueger's operating commitments. The court found that "Krueger's accepting the checks and cashing them to pay the bank to continue funding his farm operation did not in any way constitute a modification of the contract."[3] The court did not err in determining that the parties did not agree to modify the contract price.

¶12 Finally, Hsu argues that even if the parties did not modify the contract, Krueger failed to mitigate his damages, thus eliminating Hsu's liability under the agreement. Hsu contends, "Despite being aware of a possible price reduction prior to delivering the 2016 crop, [Krueger] never made any effort to find a different buyer for his 2016 and 2017 crops at a higher price."

¶13 Hsu misstates the legal standard, and it also entirely ignores its burden of proof on this issue—i.e., to show that the injured party could have mitigated its damages. *See **Kuhlman, Inc. v. G. Heileman Brewing Co.***,

---

[3] The court found that upon inspection of the 2017 crop, Hsu "did complain about the quality of the crop," and Krueger "did agree to a weight reduction of three pounds per barrel, but he never agreed to reduce the purchase price to $40 a pound." Krueger does not challenge this finding, and we will not further address the issue.

83 Wis. 2d 749, 752, 266 N.W.2d 382 (1978). As the circuit court noted, "no evidence was presented to support this assertion." Hsu never offered any evidence concerning the time and efforts necessary to market the ginseng to a different buyer, that other marketing options were available at the time, or that it was unreasonable for Krueger not to pursue any such options if in fact they were available. *See id.* The court properly rejected Hsu's mitigation arguments.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.