STATE of Wisconsin, Plaintiff-Appellant,

v.

Charles C. HARRIS, Defendant-Respondent.

Court of Appeals

*No. 83-2489-CR. Submitted on briefs June 25, 1984.—*
*Decided February 25, 1985.*
(Also reported in 365 N.W.2d 922.)

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Barry M. Levenson,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Morris D. Berman* and *Eisenberg, Giesen & Hayes, S.C.* of Madison.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

GARTZKE, P.J. The state appeals from a pretrial order "precluding" the use of "other wrongs" evidence in defendant's criminal trial for misconduct in public office. Sec. 946.12, Stats. The order was entered on the state's motion to determine the admissibility of the evidence. We affirm.

The order is appealable as of right under sec. 974.05 (1)(d)2., Stats. That section provides that an appeal may be taken by the state from any order or judgment that has the substantive effect of suppressing evidence. The order precluding the use of other wrongs evidence has that effect.

Defendant, a former Madison police officer, is charged with one count of violating sec. 946.12(1), Stats., August 29, 1981 by offering to let a woman avoid a shoplifting charge in exchange for sexual favors, and one count of violating sec. 946.12(2) February 24, 1982 by paying the same woman for sexual intercourse while defendant was on duty.[1] The state proposes to introduce at

---

[1] Section 946.12(1) and (2), Stats., punishes as a Class E felon any public officer or public employe who:

(1) Intentionally fails or refuses to perform a known mandatory, nondiscretionary, ministerial duty of his office or employment within the time or in the manner required by law; or

(2) In his capacity as such officer or employe, does an act which he knows is in excess of his lawful authority or which he knows he is forbidden by law to do in his official capacity;

. . . .

trial evidence of other sexual misconduct by the defendant related to his official capacity. The state moved for admission under sec. 904.04(2), Stats., which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The other wrongs involve six incidents in which defendant allegedly sought sexual favors from, or made sexually suggestive remarks to, women he met in the line of duty as a police officer. Three incidents involved offers of favorable police treatment in exchange for sex. These occurred sometime in November 1981, July 18, 1982 and sometime between July 20 and December 12, 1982. Three incidents involved sexual advances to women who sought police assistance August 17, 1980, June 11, 1981 and May 2, 1982.

The trial court held the evidence irrelevant. It said that introduction of the evidence would be nothing more than an attempt to show that defendant had several times engaged in the same type of conduct charged and was therefore guilty. The court added that the prejudicial nature of the evidence outweighed any possible relevance.

The general rule is that "other wrongs" evidence is inadmissible to prove character. The reason for the rule is stated in *State v. Poh*, 116 Wis. 2d 510, 524, 343 N.W.2d 108, 116 (1984). Other wrongs evidence distracts the jury, subtly encourages jurors to infer that the de-

The state's brief erroneously alleges that both counts of misconduct in public office were brought under sec. 946.12(2). The information shows otherwise.

fendant has a propensity to commit such wrongs, and invites punishment of the defendant because he is, for reasons other than the offense charged, a bad person.

Relevant other wrongs evidence may be admitted under sec. 904.04(2), Stats., if it fits a statutory exception and if its probative value is not substantially outweighed by the danger of unfair prejudice. *State v. Pharr*, 115 Wis. 2d 334, 343–44, 340 N.W.2d 498, 502 (1983).

Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Sec. 904.01, Stats. "Any fact which tends to prove a material issue is relevant." *Rogers v. State*, 93 Wis. 2d 682, 688, 287 N.W.2d 774, 776 (1980). A trial court's ruling on relevancy will be upheld on appeal unless it constitutes an abuse of discretion. *Pharr*, 115 Wis. 2d at 345, 340 N.W.2d at 503.

If other wrongs evidence is relevant, its admissibility under sec. 904.04(2), Stats., is discretionary with the trial court. Our review of the trial court's ruling is limited to whether the court exercised its discretion in accordance with the law and on the facts of record. *Pharr*, 115 Wis. 2d at 342, 340 N.W.2d at 501. If a reasonable basis exists for the ruling, we will not overturn it. *Id.* If the court failed to explain its reasons, we will review the record to determine whether a reasonable basis for the decision exists. 115 Wis. 2d at 343, 340 N.W.2d at 502.

With these principles in mind, we turn to the state's arguments.

The state contends the evidence is admissible because it establishes a definite method of operation. The state asserts that the evidence shows a definite method of operation because each of the six incidents and the two charged counts involve a uniformed police officer in a

police car, ready to exercise the power of his office to take sexual advantage of women.

*State v. Rutchik,* 116 Wis. 2d 61, 68, 341 N.W.2d 639, 643 (1984), held that other crimes evidence establishing a method of operation is "admissible to show preparation, plan, identity and intent." *Rutchik* does not hold that evidence of a method of operation is per se admissible. Such evidence may be admissible only if it fits a sec. 904.04(2), Stats., exception and if it is relevant to an issue in the case. Evidence of a method of operation was admissible in *Rutchik* because it tended to prove intent and because intent was an issue, not merely because it established a method of operation. *Id.* We turn to the specific exceptions in sec. 904.04(2) on which the state grounds its argument.

The state contends that the other wrongs evidence is admissible to prove identity. When making its evidentiary ruling, the trial court looked to the preliminary examination record where the complaining witness identified defendant during the preliminary. The court concluded that she would identify him at trial as the man who did the things alleged. It therefore ruled the other wrongs evidence inadmissible to identify defendant.

Evidence fitting a sec. 904.04(2), Stats., exception is inadmissible if the point to be proven is not at issue. *State v. Alsteen,* 108 Wis. 2d 723, 731, 324 N.W.2d 426, 430 (1982). Consequently, if identity is not at issue, the evidence is inadmissible under the identity exception. Identity does not appear at this stage to be at issue. Because the trial court could find that the complaining witness will identify the defendant, the court's ruling does not constitute an abuse of discretion. If, of course, identity becomes an issue at the trial, the court may reconsider its ruling.

The state asserts that it should not be precluded from introducing other wrongs evidence on identity merely

because other evidence exists. The availability of other evidence, contrary to the state's assertion, is a factor relevant to determining the admissibility of other wrongs evidence. Other wrongs evidence "is not automatically admissible. It should be excluded if the motive, opportunity, intent, etc., is not substantially disputed" or if the danger of undue prejudice outweighs probative value. *Judicial Council Committee's Note* [to sec. 904.04(2), Stats.], 59 Wis. 2d R79 (1973). It is not favored and ought not be used if other proof is available.

The federal advisory committee's note to the analogous federal rule, Fed. R. Evid 404(b), makes the same point: "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in *view of the availability of other means of proof . . . .*" (Emphasis added.) *Federal Advisory Committe's Note*, 59 Wis. 2d R80 (1973). As the Wisconsin Supreme Court noted in *Whitty v. State*, 34 Wis. 2d 278, 297, 149 N.W.2d 557, 565–66 (1967), *cert. denied*, 390 U.S. 959 (1968):

> Evidence of prior crimes or occurrences should be sparingly used by the prosecution and only when reasonably necessary. Piling on such evidence as a final "kick at the cat" when sufficient evidence is already in the record runs the danger, if such evidence is admitted, of violating the defendant's right to a fair trial because of its needless prejudicial effect on the issue of guilt or innocence. The use of such evidence under the adopted rule will normally be a calculated risk.

Although defendant has not yet entered a plea, even a not-guilty plea is insufficient to establish the state's need to use other wrongs evidence. Professor McCormick states:

The remarks of Lord Sumner in Thompson v. The King, [1918] App. C. 221, 232 are pertinent: "Before an issue can be said to be raised, which would permit the introduction of such evidence so obviously prejudicial to the

accused, it must have been raised in substance if not in so many words, and the issue so raised must be one to which the prejudicial evidence is relevant. The mere theory that a plea of not guilty puts everything material in issue is not enough for this purpose. The prosecution cannot credit the accused with fancy defences in order to rebut them at the outset with some damning piece of prejudice."

C. McCormick, *On Evidence* sec. 190 n. 54, at 452 (2d ed. 1972). According to E. Imwinkelried, *Uncharged Misconduct Evidence* sec. 8.10 (1984), under the prevailing English and American view, a plea of not guilty does not justify putting other misconduct in evidence. That author concludes that "[t]he defendant must sharpen the relevance of the uncharged misconduct evidence by affirmatively contesting the material fact that the misconduct is offered to prove." (Footnotes omitted.) *Id.* *Whitty v. State, supra,* is consistent with the prevailing view.

Some courts have therefore restricted the use of other wrongs evidence generally to rebuttal where the availability of other proof and the disputed issues are clearer:

[O]nce the jury is told of the defendant's other crimes, the jury will impermissibly infer that he is a bad man likely to have committed the crime for which he is being tried. . . . [W]e have emphasized that admission of such strongly prejudicial evidence should normally await the conclusion of the defendant's case, since the court will then be in the best position to balance the probative worth of, and the Government's need for, such testimony against the prejudice to the defendant.

*United States v. Benedetto,* 571 F.2d 1246, 1249 (2d Cir. 1978).[2] "The rationale for this limitation is that the

---

[2] The preference stated in *Benedetto* for awaiting the conclusion of defendant's case was clarified and is now stated as follows:

The procedure for determining admissibility depends on the grounds on which the Government offers the evidence. If the

court will best be able to judge the prosecutor's need for the evidence after the defense; at that time the court may best weigh the probative value of the evidence against its prejudicial effect." *United States v. Danzey*, 594 F.2d 905, 912 (2d Cir.), *cert. denied*, 441 U.S. 951 (1979).

We reject the contention that even if the defense shows that the complaining witness may be mistaken in her identification, the state would be powerless under the trial court's ruling to bolster her testimony. If the defense makes that showing, identification will be in dispute. The state will have shown its need to use the other wrongs evidence. The pretrial ruling will not operate to exclude the evidence at this later time.

The state also contends that the evidence of a method of operation is relevant to show defendant's preparation and plan, each of which is a sec. 904.04(2), Stats., exception. The state treats preparation and plan as synonymous, and so do we for purposes of this opinion. The trial court held that the plan, if one existed, was simply to intimidate the victim.

A "plan" is a scheme to accomplish a particular purpose that includes doing the act charged. *State v. Balistreri*, 106 Wis. 2d 741, 756, 317 N.W.2d 493, 500 (1982).

evidence is offered to prove that the defendant committed the act charged in the indictment, for example, by proving identity or common scheme, the evidence may be offered during the prosecution's case-in-chief, unless the defendant's commission of the act is not a disputed issue. On the other hand, if the evidence is offered to prove the defendant's knowledge or intent, the offer of similar acts evidence should await the conclusion of the defendant's case and should be aimed at a specifically identified issue. This enables the trial judge to determine whether the issue sought to be proved by the evidence is really in dispute and, if so, to assess the probative worth of the evidence on this issue agains itst prejudicial effect.

*United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir. 1980).

The *Balistreri* court held that because other wrongs were not shown to have been "a step in a plan leading to" the crime charged, the evidence was properly excluded since it did not establish a plan under sec.: 904.04(2), Stats. *Id.* at 757, 317 N.W.2d at 500. Similarly, the other wrongs here are separate incidents not related as steps in a plan. The trial court did not abuse its discretion when rejecting the theory that the other wrongs evidence is admissible as relevant to a plan.

The trial court's order precluding admission of the proposed other wrongs evidence was not an abuse of discretion and is affirmed.

*By the Court.*—Order affirmed.