## STATE of Wisconsin, Plaintiff-Appellant,

v.

## Duane N. WILD, Defendant-Respondent.

Court of Appeals

*No. 87–1992–CR. Submitted on briefs June 8, 1988.—Decided July 27, 1988.*

(Also reported in 429 N.W.2d 105.)

18

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Barry M. Levenson,* assistant attorney general and *James M. Freimuth,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Garrett N. Kavanagh* of the *Kavanagh Law Office,* of Fond du Lac.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The state appeals a pretrial order excluding medical reports which were provided to the defense after the time limit established by an earlier pretrial order. We hold that an order excluding evidence as a sanction is an order appealable as of right under sec. 974.05(1)(d)2, Stats. Further, we conclude that the trial court abused its discretion in failing to consider granting an adjournment and instead turning immediately to the harsh sanction of excluding the evidence. We therefore reverse the trial court's order and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Duane Wild was charged with child abuse and second-degree murder following the death of his two-month-old daughter. At a motion hearing on July 6, 1987, regarding, *inter alia,* Wild's discovery demands, the trial court orally issued the following scheduling order:

> I will require the State, on or before Labor Day (September 7, 1987) to provide to the defense written copies of any and all medical reports the State has received from and generated by doctors they intend to call at trial, together with the written list of all medical reports they have received and they have and don't intend to furnish to the defense because they don't intend to call the doctor.

On the morning of October 21, 1987, another motion hearing was held. Wild moved for an adjournment and for an order preventing the state from introducing any information contained in reports which were delivered to the defense after September 7, 1987. The basis for both motions was essentially the same. The defense had received medical reports, etc., from the state subsequent to September 7, 1987, which were alleged to be inconsistent with previous reports and contained information regarding injuries previously unknown to the defense. As a result, Wild's attorney requested additional time to prepare the case and an order preventing the use of the tardy reports. An adjournment was also sought due to the complexity of the medical issues.

The trial court denied the motion to adjourn first, relying primarily on the state's opposition to an adjournment. The court then entertained the motion

regarding the use of the tardy reports. Wild's attorney stated his position as follows:

> We weren't asking that those things [the tardy reports] be thrown out. What we are asking for now, we are asking that we have time to prepare answers to those various medical statements that we had every right to believe would be delivered by the State as it promised to do. If this case is not going to be adjourned, on the objection of the State, then we are asking for the only other remedy I can think of, and that is the State will make no reference to those reports and no reference to the information in those reports, and they will not have witnesses come and base their statements on the information that is in those reports.

Although the adjournment was being sought by the defense as a remedy for the tardy reports, the trial court did not consider an adjournment at this juncture and instead ordered the reports excluded.

Faced with this exclusion, the state brought a motion the same afternoon seeking an adjournment. Wild did not oppose the motion, nor did he stipulate to it. The trial court denied the motion, noting that "[t]he State's opportunity to join with the defense in adjourning the trial expired this morning." The trial court also denied a motion to stay proceedings pending appeal.

The state filed in this court a notice of appeal and a motion to stay proceedings. We granted the stay and ordered immediate briefing on the question of appealability. Wild did not file a brief. We took jurisdiction of the appeal pending a resolution of the appealability issue, and briefing on the merits was ordered and received.

## APPEALABILITY OF THE ORDER

The first issue before us is whether an order is appealable as of right when it excludes some of the state's evidence as a sanction for noncompliance with a scheduling order. The relevant statutory provision is sec. 974.05(1)(d)2, Stats., which reads:

> **974.05 State's appeal.** (1) Within the time period specified by s. 808.04(4) and in the manner provided for civil appeals under chs. 808 and 809, an appeal may be taken by the state from any:
>
> . . . .
>
> (d) Order or judgment the substantive effect of which results in:
>
> . . . .
>
> 2. Suppressing evidence .... .

The state argues that "suppressing evidence" includes excluding evidence as a discovery sanction; this is contrary to the belief expressed by the trial court. Wild does not contest the state's argument. However, parties cannot, either by failure to contest or by consent, confer jurisdiction to review an order which is not otherwise reviewable. *Coleman v. Percy,* 96 Wis. 2d 578, 587, 292 N.W.2d 615, 620 (1980). It is our duty to consider our jurisdiction on appeal. *Brownsell v. Klawitter,* 99 Wis. 2d 407, 409, 299 N.W.2d 292, 293 (Ct. App. 1980), *aff'd,* 102 Wis. 2d 108, 306 N.W.2d 41 (1981).

We agree with the state that the trial court's sanction is an order which results in suppressing evidence. The phrase "suppressing evidence" is not statutorily defined. However, it has been used to refer to evidence which is excluded because it was obtained in violation of the constitution, *State v. Turner,* 136

24

Wis. 2d 333, 348–49, 401 N.W.2d 827, 834–35 (1987), because the tests which produced the evidence were done in violation of statutory procedures, *State v. Zielke,* 137 Wis. 2d 39, 55–56, 403 N.W.2d 427, 434 (1987), and because the evidence was simply ruled inadmissible under the rules of evidence, *State v. Harris,* 123 Wis. 2d 231, 232, 365 N.W.2d 922, 924 (Ct. App. 1985).

From these cases, we conclude that Wisconsin liberally construes the meaning of "suppress." The order before us is very similar to an order which suppresses evidence obtained in violation of constitutional rights. In each case, the evidence is being kept out on the theory that the government's misconduct requires a sanction to deter similar misconduct in the future. *See Illinois v. Krull,* 107 S. Ct. 1160, 1165–66 (1987).

Another aid in the construction of sec. 974.05(1)(d)2, Stats., is that the order must have "the substantive effect" of suppressing evidence. The statute does not distinguish between an order done for a substantive *purpose* and one done for procedural reasons; the requirement is that it have a substantive *effect.*

In conclusion, we hold that the state may appeal, as of right, an order which suppresses evidence as a sanction against the state for noncompliance with a pretrial order. We now turn to the merits of the case, i.e., whether such a sanction in this case constituted an abuse of discretion.

25

## EXCLUSION OF EVIDENCE AS A SANCTION

The state does not argue that some of the tardy reports were not subject to the court's order;[1] nor is there an argument regarding the propriety of a statutory sanction, sec. 971.23(7), Stats., for violation of an order which imposed limits more onerous than the discovery statutes. We therefore assume without deciding that sec. 971.23(7) is applicable to the sanction order in this case, and that the discovery order is applicable to all the tardy reports.

The state's position is that an abuse of discretion occurred when the trial court failed to properly consider the alternative of an adjournment. The state cites to a variety of federal and state cases which discuss the harshness of suppressing evidence and the preference for an adjournment.[2]

Wild counters by first arguing that the state is barred by waiver and estoppel from now contending that a continuance was the proper remedy. This argument is based on the state's refusal to join Wild's original request for an adjournment.

The record shows that at the time the state resisted an adjournment, the trial court had not yet determined that a violation had occurred, nor had it ruled on what, if any, sanction should be imposed on the state for violating the scheduling order. The district attorney construed Wild's motion for adjourn-

---

[1] We harbor some doubts as to whether a police officer's narrative report of discussions with medical personnel constitutes a medical record.

[2] Some of the cases relied upon by the state include: *United States v. Rodriguez,* 765 F.2d 1546, 1557 (11th Cir. 1985); *People v. Rayford,* 356 N.E.2d 1274, 1277 (Ill. App. Ct. 1976).

ment as being based on the complexity of the medical issues, not as a sanction request, and opposed it on that ground. It was not until after the trial court had found a violation of the order and ruled on the exclusion of the evidence that the state changed its position in favor of adjournment. Under these facts, we cannot conclude that waiver or estoppel applies.

As the parties apparently agree with the trial court that the sanction was imposed under sec. 971.23(7), Stats., we begin with the statutory language. Section 971.23(7) reads:

> If, subsequent to compliance with a requirement of this section, and prior to or during trial, a party discovers additional material or the names of additional witnesses requested which are subject to discovery, inspection or production hereunder, he shall promptly notify the other party of the existence of the additional material or names. *The court shall exclude any witness not listed or evidence not presented for inspection or copying required by this section, unless good cause is shown for failure to comply. The court may in appropriate cases grant the opposing party a recess or a continuance.* [Emphasis added.]

■ As we read this section, it requires two separate determinations by the trial court. First, the court must determine whether the noncomplying party (here, the state) has shown good cause for the failure to comply. If good cause is not shown, the statute is mandatory—the evidence *shall* be excluded. *See In re E.B.*, 111 Wis. 2d 175, 185, 330 N.W.2d 584, 590 (1983).

In the case before us, such a determination was not made. Despite the district attorney's proffered explanation for the tardy reports, the record does not

show that the trial court ever considered these statements.

The imposition of a sanction for discovery abuse is in the discretion of the trial court. *Midwest Developers v. Goma Corp.,* 121 Wis. 2d 632, 643, 360 N.W.2d 554, 560 (Ct. App. 1984). However, if the trial court's decision fails to demonstrate on its face consideration of appropriate factors, an abuse of discretion has occurred. *See State v. Johnson,* 118 Wis. 2d 472, 480–81, 348 N.W.2d 196, 200–01 (Ct. App. 1984). The trial court's failure to consider whether the state's noncompliance was for good cause leads us to conclude that such an abuse of discretion has occurred in this case.

We are not required to reverse a discretionary decision if we can conclude from an *ab initio* review of the record that the facts support the trial court's decision. *Id.* at 481, 348 N.W.2d at 201. Here, however, the facts do not show a lack of good cause. Quite the contrary, the record shows that the state made a good faith effort to obtain the required reports and deliver them to Wild. The district attorney also made a good faith (if not meritorious) argument that certain of the tardy reports were not subject to the trial court's order. We conclude from our *ab initio* review that the state made an adequate showing of good cause.

The inquiry does not end here however. A finding of good cause does not preclude exclusion of the evidence as a sanction; exclusion is just no longer mandatory. Section 921.23(7), Stats., also provides that in appropriate cases, the court *may* grant a recess or continuance.

28

Section 921.23(7), Stats., does not provide any guidance as to what is an appropriate case for a continuance. In a similar case, the court of appeals has looked to a balancing test to determine an appropriate sanction for destroying evidence. *State v. Hahn,* 132 Wis. 2d 351, 362, 392 N.W.2d 464, 468 (Ct. App. 1986). In *Hahn,* we stated that the determination of the sanction depended on balancing the quality, i.e., nature, of the state's conduct and the degree of prejudice to the defendant. *Id.* We consider these factors to be equally relevant to the determination of appropriate sanctions in discovery abuse cases. Further, when considering the alternative of an adjournment, the trial court has another legitimate factor to consider—the prompt and efficient administration of justice. *See State v. Wedgeworth,* 100 Wis. 2d 514, 520, 302 N.W.2d 810, 814 (1981).

The trial court here never considered any factors relative to determining the appropriate sanction. Once the trial court determined that certain medical reports were received after the specified date, those reports were ordered excluded. The only discussion during the motion hearing regarding an adjournment preceded any ruling on the admissibility of the medical reports. Once the adjournment was denied, it was never again considered, despite Wild's position that an adjournment was the preferred remedy. *Only if* the adjournment was denied would Wild seek exclusion of the evidence as a remedy.

From our review of the record, we see no factors which militate against adjournment. Wild preferred an adjournment, the state wanted an adjournment in light of the trial court's ruling that the tardy receipt of the reports violated the court's order, and no adminis-

trative reasons were given by the trial court as a factor weighing against adjournment.

The preference of an adjournment over exclusion of evidence has also been expressed by our supreme court. *See, e.g., Irby v. State,* 60 Wis. 2d 311, 322, 210 N.W.2d 755, 761 (1973). Faced with this preference and in light of the absence of facts supporting the trial court's decision, we conclude that the order excluding the evidence must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*By the Court.*—Order reversed and cause remanded.