COURT OF APPEALS
DECISION
DATED AND FILED

October 12, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2172**

STATE OF WISCONSIN

Cir. Ct. No. 2017CM288

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MICHAEL J. VIEZBICKE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Ozaukee County: PAUL V. MALLOY, Judge. *Affirmed*.

¶1 GROGAN, J.[1] Michael J. Viezbicke, pro se, appeals the circuit court's order denying his WIS. STAT. § 974.06 postconviction motion. Viezbicke

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

wants to withdraw his December 2017 guilty pleas to resisting an officer and disorderly conduct, both as a repeater, contrary to WIS. STAT. §§ 946.41(1) and 947.01(1), respectively. He claims outrageous police conduct, police spoliation of body camera footage, and ineffective assistance of counsel constitute a manifest injustice. This court affirms.

## I. BACKGROUND

¶2    In August 2017, the State charged Viezbicke with resisting an officer and disorderly conduct, both as a repeater. The charges arose because Viezbicke's neighbor called police after her son observed Viezbicke knocking over construction barrels and swearing. When police arrived, Viezbicke was inside his enclosed front porch. Saukville Police Officers Patrick Kosmosky and Eric Ramthun asked Viezbicke to come outside to talk to them, but Viezbicke refused and denied any wrongdoing. The officers believed Viezbicke was intoxicated. Viezbicke told the officers he was not coming out of his house, they could not come in without a warrant, and they should "get off his property." Officer Kosmosky told Viezbicke he was going to leave a municipal citation for disorderly conduct on the door and that if police had to return again, Viezbicke would be arrested for repeated disorderly conduct. After the officers walked away, Viezbicke came outside, walked into the street, threw the citation on the ground, and made several derogatory statements directed at the officers.

¶3    When Officer Kosmosky began walking towards Viezbicke and indicated he would be arrested, Viezbicke headed back to his house. Kosmosky informed Viezbicke he was under arrest, but Viezbicke entered his home and slammed the door before Kosmosky could enter. The police entered to arrest

Kosmosky and a struggle ensued, which required the police to use a TASER before placing Viezbicke under arrest.

¶4     Viezbicke and the State entered into a plea agreement where he agreed to plead guilty to resisting an officer and disorderly conduct (both as a repeater).  In December 2017, the circuit court accepted the plea and imposed and stayed nine months in jail on the resisting charge, three months in jail imposed and stayed on the disorderly conduct charge consecutive to the resisting charge, and eighteen months probation.  Viezbicke did not file a direct appeal.

¶5     In June 2018, Viezbicke's probation was revoked, and he served the previously stayed sentence.   It is undisputed that Viezbicke completed the sentence imposed in this case before he filed his pro se WIS. STAT. § 974.06 postconviction motion.  In his first postconviction motion, filed on January 15, 2019, Viezbicke sought relief, asserting that his conviction resulted from "evidence obtained pursuant to an unlawful arrest" and a violation of his constitutional rights.  He asked for "[c]orrection of sentence" and "expungement." The circuit court responded to the motion, asking for clarification because it did not understand Viezbicke's motion.   Viezbicke responded in a letter received March 1, 2019, and explained to the court that he sought "to vacate, set aside, or correct the sentence pursuant to § 974.06."  Viezbicke asserted that the circuit court lacked accurate information when it sentenced him because it did not know "that the officers' actions during the course of the arrest had reached a constitutional level of police brutality."

¶6     The circuit court replied to the letter, indicating that Viezbicke's motion appears to be "challenging the effectiveness of counsel" and suggested Viezbicke contact the State Public Defender's Office.  The circuit court explained

that before it could act on Viezbicke's claim, it needed a "motion in proper form[.]" In April 2019, Viezbicke filed a second pro se WIS. STAT. § 974.06 postconviction motion seeking to amend his first motion. This motion again alleged his conviction resulted from introduction of evidence obtained from an unlawful arrest and in violation of his constitutional rights, but added a third claim of ineffective assistance of counsel. He asked for the same relief—correction of his sentence and expungement. The brief he filed in support of the second motion argued that his trial counsel failed to investigate the force police used and failed to pursue an entrapment defense, which may have resulted in a different plea bargain or "a drastically different outcome[.]" Viezbicke requested that the circuit court conduct an evidentiary hearing. After some discussion between the circuit court and Viezbicke about retaining counsel, Viezbicke notified the circuit court in May 2021 that he would be proceeding pro se.

¶7     In May 2021, Viezbicke filed another WIS. STAT. § 974.06 motion seeking to withdraw his guilty plea. He alleged that the ineffective assistance of his trial counsel constituted a manifest injustice. He believed counsel gave him ineffective assistance because she:  (1) gave him improper legal advice—namely that an entrapment defense was not available to him; (2) overlooked time gaps in body camera footage that could have been used to attack the police officers' version of events; (3) refused to accept Viezbicke's request to compose a defense trial strategy based on an entrapment defense; and (4) failed to raise a spoliation claim related to the police failing to preserve exculpatory evidence. He contended he was prejudiced by counsel's actions because if counsel had pursued an entrapment defense, used the body camera footage to attack the police version of events, and made a spoliation claim, he would not have pled guilty, and the

outcome would have been different. He also asserted, in the alternative, that the circuit court should grant his plea withdrawal motion in the interest of justice.

¶8    In July 2021, the circuit court held a hearing to address Viezbicke's motion. The State argued that because Viezbicke had already completed his sentence, he was not entitled to withdraw his plea as he was "under no disability whatsoever from this sentence." It is undisputed that at the time Viezbicke filed his first postconviction motion, he had already completed the sentence he was challenging, although he was still confined under a separate sentence arising from an unrelated conviction.

¶9    The State also pointed out that Viezbicke failed to raise any of the postconviction issues in a direct appeal, and therefore *State v. Escalona-Naranjo*[2] barred him from raising them now. It contended that even if Viezbicke overcame the procedural bars, he failed to raise sufficient facts to warrant a *Machner*[3] hearing and that there was no merit to his claim of entrapment or spoliation. Viezbicke disagreed with the State's position and contended that there was merit to his arguments, at which point he began to make substantive arguments on entrapment and spoliation.

¶10    The circuit court then explained:

> I don't think there's anything I can offer you that would allow me to go back and let you withdraw the plea. You served your sentence. You're in custody on something else and, frankly, I looked at the plea colloquy, and the plea colloquy looked entirely appropriate. You filed other motions.

---

[2] *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994).

[3] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

> I think you lost this motion when you didn't bring it up earlier when the Court could have done something about it. I don't have anything to offer you on a manifest injustice. I don't see one here. So I'm going to deny that.
>
> Now, the problem with *Machner* hearings is you're not entitled to a *Machner* hearing on all cases. I'm going to check because I don't know that you're entitled to a *Machner* hearing where you've already served your sentence. You're completely done with my sentence, aren't you?

¶11    Viezbicke acknowledged that he completed the sentence on the charges in this case, but thought that because he was serving a sentence in another case that "was consecutive to this sentence" he could still challenge the completed sentence. The circuit court noted that it had "never seen" a motion for a *Machner* hearing "brought by somebody who isn't serving the sentence or revocation." Nevertheless, based on its concern over the appellate court's need for a record to review Viezbicke's claim, it scheduled a *Machner* hearing.

¶12    The circuit court held the *Machner* hearing in September 2021. Viezbicke and his trial lawyer both testified. Viezbicke testified about why he thought the police officers' actions when they arrested him were outrageous and argued that their actions violated his due process rights. He believed the deletion of or failure to preserve body camera footage constituted "misconduct in public office[.]" Viezbicke's trial lawyer testified, although she noted that her file in this case, which was in storage due to its age, had not yet been produced despite her request. She did "recall that I did not believe that there was an affirmative defense for entrapment. I did tell Mr. Viezbicke that he may pursue something civilly. And he indicated to me that that is how he wanted to proceed." She testified that she discussed the entrapment defense with Viezbicke multiple times and explained to him why she did not see it as feasible. She based her opinion on the contents of the police report and what she "viewed on the body camera footage." Trial

counsel confirmed she viewed the body camera recordings and that to her knowledge, the footage had not been destroyed.

¶13    Viezbicke, who as noted appeared pro se, questioned his trial counsel about her experience and then asked about his request that she raise the entrapment defense.  Trial counsel testified:

> Again, this is just based off of my memory, but my memory of the incident was really that the police gave you several opportunities to resolve this with a ticket, and were very clear that they were going to arrest you if you didn't just stop swearing at them and stop, you know, the conduct that you were engaged in.  Did leave the ticket for you.  You exited the house, ripped it up, and then they followed through with their statement that they would arrest you.  So I did not feel that there was enough for an entrapment defense.

¶14    Trial counsel repeatedly answered that she could not "recall" in response to many of Viezbicke's questions.  The circuit court pointed out to Viezbicke that his own pleadings said he was:

> in the back of the squad car, that Officer Ramthun had let you out of the squad car after they gave you the ticket and the Court pamphlets, and that you turned around and you ripped them -- you crumpled up the paper en route back to your residence and threw it on the ground in front of Kosmosky and scolded Kosmosky, quote, "Fuck you, Kosmosky."  At that point Kosmosky turned the body-worn camera back on.  Kosmosky responded, walking in Viezbicke's direction from the middle of the street on his way, ordered Viezbicke to stop and come here, as well as stating, "You are going to jail."  Viezbicke shut the front door and said, goodbye.  Then Kosmosky breached the front of the house and pulled Viezbicke in the middle section, causing him to lose his balance -- in the mid-section.  Did I read that correctly?

¶15    When Viezbicke confirmed that this recounted his version of what happened, the circuit court told him that even if his trial counsel had requested the

entrapment defense instruction, the court would never have given it because there was no legal basis to give the entrapment instruction based on those admitted facts. Viezbicke argued that the entrapment concepts of inducement and predisposition, together with his belief "the officer ha[d] it out for me, he had an official ill will. I mean the guy -- the guy had it out for me[,]" made entrapment a viable defense. It was undisputed that Officer Kosmosky knew Viezbicke from prior interactions.

¶16 The circuit court rejected Viezbicke's argument, explaining:

> But they didn't go to your house just to pick on Mike Viezbicke. They had gotten a complaint that you were kicking over construction barrels and being basically a pest.
>
> They went there to talk with you about it. And as these things are wont to go, it got ratcheted up. And, you know, you were uncooperative. You probably -- you might have skirted by with no ticket. But it looks like you talked yourself into your way to a ticket, and then escalated it from there. But who is that on? That's not entrapment. That's a volitional act. And then the scuffle was on.

¶17 The circuit court explained that Viezbicke failed to establish prejudice because, even if his trial lawyer had pursued entrapment, the circuit court would have rejected it. The circuit court ultimately concluded that Viezbicke failed to satisfy his burden of proving his trial counsel gave him ineffective assistance. It found that his trial counsel analyzed the risks and identified the best way to resolve the charges with "the least amount of damage" to Viezbicke. In March 2022, the circuit court entered a written order denying Viezbicke's motion. Viezbicke now appeals.

## II. DISCUSSION

¶18  Viezbicke, who admits he had already finished serving the sentence in this case when he filed the WIS. STAT. § 974.06 motion underlying this appeal, seeks relief in this court.  He asks this court to vacate his judgment of conviction, conclude he received ineffective assistance, or grant his motion for plea withdrawal.

¶19  The law does not allow this court to grant any of Viezbicke's requests.  Viezbicke may bring jurisdictional or constitutional challenges to his sentence after the time for filing an appeal or postconviction motion has otherwise expired, but only when he is "a prisoner in custody under sentence of a court" where he is "claiming the right to be released upon the ground that *the sentence* was imposed" in violation of the law.  WIS. STAT. § 974.06(1) (emphasis added). This means that a defendant who is no longer in custody for the sentence he seeks to challenge may not bring a motion under § 974.06.  *See* ***Jessen v. State***, 95 Wis. 2d 207, 211, 290 N.W.2d 685 (1980); ***Thiesen v. State***, 86 Wis. 2d 562, 570, 273 N.W.2d 314 (1979) (recognizing "the jurisdictional requirement of sec. 974.06" is not met when an appellant is no longer "'in custody under [the] sentence' for the conviction he wished to attack" (citation omitted)).

¶20  This bar applies even though Viezbicke is still in custody under a sentence in a different case imposed by a different circuit court.[4]  To obtain relief

---

[4] To the extent Viezbicke claims WIS. STAT. § 974.06's rule does not apply because the sentence he is currently serving was imposed consecutive to the sentence he completed and is therefore directly connected to or a continuation of his completed sentence, this court is not persuaded.  Viezbicke fails to properly develop such an argument, and thus it will not be considered.  *See* ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

under WIS. STAT. § 974.06, Viezbicke must be challenging "*the* sentence" from which his custody arises. (Emphasis added.) If the statute permitted Viezbicke to challenge previously-served sentences simply because he happens to still be imprisoned as a result of a subsequent conviction, the statute would say "*a* sentence" or "*any* sentence" instead of "the sentence[.]" *See* § 974.06(1). Viezbicke is not entitled to challenge the sentence he has already completed via § 974.06.

¶21    But, even if Viezbicke could challenge the sentence he already completed in a WIS. STAT. § 974.06 motion, this court would still not grant him relief because, as the circuit court determined, he failed to satisfy his burden of proof. To obtain plea withdrawal after sentencing, Viezbicke must prove "'by clear and convincing evidence that withdrawal is necessary to correct a manifest injustice.'" *State v. Hudson*, 2013 WI App 120, ¶11, 351 Wis. 2d 73, 839 N.W.2d 147 (citation omitted). Although Viezbicke may establish a manifest injustice by showing he received ineffective assistance of counsel, Viezbicke failed to demonstrate that his trial counsel's conduct prejudiced him. *See id.* To establish ineffective assistance, a defendant must show: (1) deficient representation; and (2) prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To prove deficient representation, a defendant must point to specific acts or omissions by the lawyer that are "outside the wide range of professionally competent assistance." *Id.* at 690. To prove prejudice, a defendant must demonstrate that the lawyer's errors were "so serious as to deprive the defendant" of a reliable outcome. *Id.* at 687. A court need not address both aspects of the *Strickland* test if the defendant does not make a sufficient showing on one, *see id.* at 697, and this court decides de novo the legal issues underlying an assertion that a lawyer was

constitutionally ineffective, *see State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).

¶22     Here, Viezbicke failed to establish his trial counsel provided ineffective assistance because he was not prejudiced by trial counsel's actions. As the circuit court correctly noted, the facts Viezbicke admitted to would not warrant an entrapment defense, which is an affirmative defense "available to defendants when a law enforcement officer has used improper methods to induce them to commit an offense they were not otherwise disposed to commit." WIS JI—CRIMINAL 780; *see also State v. Hilleshiem*, 172 Wis. 2d 1, 8-9, 492 N.W.2d 381 (Ct. App. 1992). "Because the defense of entrapment allows a person, who under normal circumstances would be guilty, to go free, it is disfavored in the law and should not be entertained lightly by the courts." *Hilleshiem*, 172 Wis. 2d at 9. Viezbicke failed to produce any evidence to support an entrapment defense. Although he attempts to rely on the body camera videos for this argument, none of these videos are in the appellate record, and this court therefore "'must assume that the missing material supports the trial court's ruling.'" *See State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted) (appellant is responsible for "ensur[ing] completion of the appellate record," and when he fails to include in the record the items connected to an issue he raises, this court "'must assume'" the record supports the circuit court's decision on that issue (citation omitted)).

¶23     Viezbicke also fails to show trial counsel's failure to assert a spoliation claim prejudiced him. Viezbicke's argument that the police turned off their body cameras for a short time to avoid recording their actions is not a spoliation claim. He is essentially making a due process claim arising from his "right to any favorable evidence 'material either to guilt or to punishment' that is

in the State's possession[.]" *See State v. Wayerski*, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468 (citation omitted).

¶24 Spoliation in the criminal context applies when the State loses or destroys evidence it possessed, which was potentially exculpatory and is "'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *State v. Hahn*, 132 Wis. 2d 351, 356, 392 N.W.2d 464 (Ct. App. 1986) (quoting *California v. Trombetta*, 467 U.S. 479, 488-89 (1984)). Viezbicke's argument is that the police "destroyed" evidence because there was a break in the body camera footage. As noted, a spoliation claim only applies to evidence in the government's possession. Viezbicke's spoliation claim is inapplicable where the evidence he claims police destroyed never existed. Thus, if his trial counsel had pursued a spoliation argument, it would have been without merit. *See State v. Allen*, 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245 ("It is well-established that trial counsel could not have been ineffective for failing to make meritless arguments.").

¶25 Viezbicke asserts that his due process rights were violated by allegedly outrageous police conduct, including: (1) the police turning off their body cameras to avoid recording the "coercion" Viezbicke contends the police used to get him to leave his house; (2) the allegedly excessive force used to arrest him; and (3) allegedly including false facts in the probable cause affidavit. Viezbicke cites to "digital evidence" to support this argument. Viezbicke, however, failed to ensure this digital evidence was included in the appellate record, and without it, this court must assume it supports the circuit court's decision. *See McAttee*, 248 Wis. 2d 865, ¶5 n.1.

¶26 Further, much of Viezbicke's claim here is based on his self-serving conclusory assertions, which, standing alone, fail to establish that a motion to dismiss on this basis by trial counsel would have resulted in dismissal of the charges. As noted, trial counsel's failure to raise a non-meritorious claim cannot constitute ineffective assistance. *See Allen*, 373 Wis. 2d 98, ¶46.

¶27 Because Viezbicke failed to establish ineffective assistance, he cannot satisfy the manifest injustice standard, and he is not entitled to plea withdrawal.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

13