Ann M. MASKO, Plaintiff-Appellant,

v.

CITY OF MADISON, James M. Braun, and Transit
Mutual Insurance Corporation of Wisconsin,
Defendants-Respondents,

STATE FARM INSURANCE COMPANY and Group Health
Cooperative of South Central Wisconsin,
Subrogated-Defendants.

Court of Appeals

*No. 02–2267. Submitted on briefs February 7, 2003.—Decided
May 8, 2003.*

2003 WI App 124

(Also reported in 665 N.W.2d 391.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Ann M. Masko*, pro se.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Edith F. Merila* and *Robert C. Procter* of *Axley Brynelson, LLP*, Madison.

Before Vergeront, P.J., Dykman and Lundsten, JJ.

¶ 1. DYKMAN, J.  Ann Masko appeals from an order granting summary judgment in favor of the City of Madison and its insurer. Masko had sought damages for physical injuries and property damage arising out of an automobile accident involving her vehicle and a city bus. We agree with the trial court that the issue of liability was fully litigated in a prior municipal court proceeding. As a result, the doctrine of issue preclusion bars Masko's civil action. Accordingly, we affirm.

## BACKGROUND

¶ 2.  Masko was in an accident involving her minivan and a Madison Metro bus. She received a citation for making an improper lane change in violation of WIS. STAT. § 346.13(1) (2001–02).[1] She contested the citation in municipal court, appearing pro se. At the hearing, Masko testified that the bus had moved into her lane and struck her vehicle. The bus driver testified that Masko's vehicle had attempted to move into the bus's lane, thereby causing the accident. A bus passenger who witnessed the accident offered an account similar to that of the bus driver. The municipal court issued a written decision finding that the bus driver's version of events was more credible than Masko's, and therefore

---

[1] WISCONSIN STAT. § 346.13(1) provides:  "The operator of a vehicle shall drive as nearly as practicable entirely within a single lane and shall not deviate from the traffic lane in which the operator is driving without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear."

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

446

the City had proved a violation of § 346.13(1) by clear, satisfactory and convincing evidence.

¶ 3. Masko requested a trial de novo of the municipal court decision but before the trial was held she obtained counsel and withdrew her request. Instead, she commenced this civil action against the City in circuit court. In her complaint, Masko alleged that she sustained personal injuries and damage to her vehicle as the result of the Madison Metro bus negligently striking her minivan. The City moved for summary judgment arguing that the issue of liability had been litigated in the municipal court proceeding and therefore issue preclusion barred Masko's civil suit for damages. The trial court granted the City's motion and dismissed Masko's complaint. Masko appeals.

## DISCUSSION

¶ 4. The doctrine of issue preclusion forecloses relitigation of an issue that was litigated in a previous proceeding involving the same parties or their privies. *Reuter v. Murphy*, 2000 WI App 276, ¶ 7, 240 Wis. 2d 110, 622 N.W.2d 464. Preclusion derives from the assumption that, in fairness to the defendant, there is a point at which litigation involving the particular controversy must end. *Lindas v. Cady*, 175 Wis. 2d 270, 279, 499 N.W.2d 692 (Ct. App. 1993), *aff'd as modified by* 183 Wis. 2d 547, 515 N.W.2d 458 (1994). Thus, the doctrine may apply even if the cause of action in the second lawsuit is different from the first. *Dane County v. Dane County Union Local 65*, 210 Wis. 2d 267, 278, 565 N.W.2d 540 (Ct. App. 1997). However, the issue must have been "actually litigated" in the prior proceeding and the application of the doctrine must be consis-

tent with fundamental fairness. *Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 237, 554 N.W.2d 232 (Ct. App. 1996). The party seeking to use issue preclusion bears the burden of demonstrating that the doctrine should be applied. *State ex rel. Flowers v. H&SS Dept.*, 81 Wis. 2d 376, 389, 260 N.W.2d 727 (1978).

■

¶ 5.   In *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 594 N.W.2d 370 (1999), the supreme court established a two-step analysis for issue preclusion. The first step is whether a litigant is in privity or has sufficient identity of interest with the party to the prior proceeding. Obviously, this is only a question when issue preclusion is used against a nonparty to the former action. Whether privity exists is a question of law and is reviewed de novo. *Id.* at 224.

■

¶ 6.   The second step addresses whether application of issue preclusion is consistent with fundamental fairness. The relevant factors for the court to consider were identified in *Michelle T. v. Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993). They are:

> (1) could the party against whom preclusion is sought, as matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamen-

tally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Id.* at 688–89. Determination of these factors is generally within the trial court's discretion. However, certain of these factors, such as whether the party could have obtained review of the prior judgment, present questions of law and are subject to de novo review. *Paige K.B.*, 226 Wis. 2d at 225. Thus, evaluating whether applying issue preclusion is consistent with fundamental fairness presents a mixed question of fact and law in which legal issues predominate. *Id.*

¶ 7. Because Masko was the defendant in the municipal court proceeding and is the plaintiff here, the parties are identical. Therefore we turn directly to the second step, whether application of issue preclusion comports with the principles of fundamental fairness. Masko contends that the trial court did not adequately address the third and fifth *Michelle T.* factors—quality of the earlier proceedings and considerations of individual circumstances and public policy—when it concluded that issue preclusion barred her suit against the City.

¶ 8. However, before discussing the third and fifth factors, we briefly address the issue preclusion factors that are not in dispute. The first factor favors issue preclusion. Masko had the opportunity to seek review of the municipal court's decision. In fact, she requested a trial de novo, but withdrew that request before filing her complaint in this action. The second factor, whether the issue is a question of law involving distinct claims or intervening shifts in the law, also favors issue preclusion. In the municipal court, the issue was whether

449

Masko had attempted an improper lane change and caused the accident. In this action, determining whether the City is liable for Masko's damages also depends upon whether Masko or the bus driver caused the accident. The issue in both actions is the same.[2] Under the fourth factor it is inappropriate to apply issue preclusion if the burden of proof in the first proceeding was lower than in the second. *Jensen*, 204 Wis. 2d at 239. Here the burden of proof in the municipal trial was "clear, satisfactory and convincing" evidence. This is a higher standard than the preponderance of the evidence that Masko would have to show to recover damages from the City. *Carlson & Erickson Builders, Inc. v. Lampert Yards, Inc.*, 190 Wis. 2d 650, 657–58, 529 N.W.2d 905 (1995). Because the burden of proof is actually less onerous in the second proceeding, the fourth factor favors applying issue preclusion.

¶ 9. Next, we consider whether the third and fifth factors weigh in favor of barring Masko's claim. In arguing that the trial court failed to give sufficient weight to the differences between municipal court and circuit court in the quality and extensiveness of the proceedings, Masko points to her lack of counsel in the municipal court as a critical factor. Because she appeared pro se to contest the traffic citation, Masko asserts that "I was extremely uncomfortable in the simultaneous role of counsel and defendant. Despite my best efforts, I could not be expected to cross-examine witnesses as extensively as an experienced attorney advocating my best interests." Masko also stresses that because municipal cases are tried before the court, she

---

[2] The parties have not raised the issue of the effect of Wisconsin's comparative negligence statute, WIS. STAT. § 895.045. We therefore do not consider or discuss what effect, if any, that statute would have here, or in another case.

was deprived of the opportunity to present her case to a jury. In contrast, in her civil action against the City, she has the right to, and has requested, a jury as the fact finder.

¶ 10. The differences cited by Masko are not sufficient to persuade us that precluding her civil suit was fundamentally unfair. We have reviewed the transcript of the municipal court trial and agree with the trial court that Masko, although obviously unfamiliar with the technicalities of court procedure, was able to fully litigate the issue of liability. At the summary judgment hearing, the trial court commented that "Even the record establishes that you did a good job in municipal court. You lost, but I don't think the facts were on your side, or at least arguably they weren't on your side because you lost, but you had total, full opportunity to completely litigate the liability issue." Our review of the record confirms the trial court's conclusion.

██

¶ 11. Masko was present for the entire trial, presented exhibits and testified as to her version of events. She cross-examined the bus driver, the passenger and the police officer who responded to the accident regarding the positions of the vehicles before, during and after the impact. She submitted photographs of the location of the accident and of the damage to her vehicle and explained to the court how the pictures supported her description of the accident. In her closing argument, she cogently addressed the evidence and argued that it was the bus that had entered her lane and struck her vehicle. Thus, apart from asserting that an attorney would have conducted a more thorough cross-examination, Masko does not identify any particular facts or arguments that were not presented to the municipal court. While an attorney might have been

more adept at eliciting testimony, there is no basis in the record for the conclusion that Masko failed to fully litigate the issue of whether she or the bus driver made the improper lane change. Accordingly, we are not convinced that lack of legal counsel at a prior adjudication is sufficient to avoid issue preclusion at a later proceeding.

¶ 12. Nor does Masko's assertion that she was denied a jury persuade us that issue preclusion should not be applied in this case. After receiving the municipal court's decision, Masko requested a de novo jury trial in circuit court pursuant to WIS. STAT. § 800.14(4). She withdrew this request five days before the scheduled trial was to begin. Masko had the benefit of counsel when she made the decision to withdraw her request. Thus Masko was not deprived of a jury trial in the prior proceeding. Rather, she chose to forgo the opportunity to present her case to a jury. Under these facts, when a party has the option of a jury trial but decides against it, the qualitative differences between a bench trial and a jury trial are not sufficient to render the application of issue preclusion unfair.

[11]

¶ 13. With respect to the fifth factor, Masko has not presented any compelling reason why public policy or individual circumstances would render the application of issue preclusion to be fundamentally unfair. Masko argues that she lacked the incentive to obtain a full and fair adjudication in the first proceeding because she was completely unaware of the effect the municipal court decision could have in a subsequent effort to

recover damages from the City. Therefore, she contends that allowing issue preclusion to bar her claim now is unfair. We disagree.

¶ 14.   The municipal court informed Masko at the beginning of the trial that:

> You also understand that if I find you guilty, that guilty finding could be used against you if there's a claim for any damages or injury resulting from this incident. In addition, any testimony from today, whether you win or lose, could be used against you in that case as well. You understand that?

Masko answered, "I understand." Thus, while Masko may not have been aware of issue preclusion as a legal doctrine, she knew from the municipal court's admonishment that an adverse result could have repercussions in subsequent proceedings.

¶ 15.   Issue preclusion requires that "one must have had a fair opportunity procedurally, substantively and evidentially to litigate the issue before a second litigation will be precluded." *Dane County*, 210 Wis. 2d at 278. We are satisfied that the municipal court trial afforded Masko that opportunity. She actively participated in the prior proceeding and, despite her attempts to impeach the testimony of the other witnesses, the judge found the bus driver's account to be more credible than Masko's. Further, she elected not to pursue a new trial in circuit court where she would have had the right to a jury. Nor does it serve the public interest to allow relitigation of an issue on the grounds that the first attempt was unsuccessful because the party appeared pro se but now, having retained counsel, the party should be allowed to try for a better outcome. The interests of judicial efficiency and protecting parties

against repetitious litigation outweigh Masko's interest in relitigating the liability issue that was already determined in municipal court. We conclude that the trial court properly determined that issue preclusion applied and that barring Masko's claim does not contravene principles of fundamental fairness.

*By the Court.*—Order affirmed.