STATE of Wisconsin, Plaintiff-Respondent,

v.

Jason C. Miller, Defendant-Appellant.†

Court of Appeals

*No. 03–1747–CR. Submitted on briefs February 11, 2004.—Decided May 6, 2004.*

2004 WI App 117

(Also reported in 683 N.W.2d 485.)

† Petition to review denied 8-2-04.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert T. Ruth, Ruth Law Office*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James M. Freimuth*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Dykman and Vergeront, JJ.

¶ 1. VERGERONT, J. Jason Miller appeals a judgment of conviction for operating a motor vehicle while under the influence of an intoxicant (OWI), fifth offense, contrary to WIS. STAT. § 346.63(1)(a) (2001–02).[1] The charge resulting in this conviction was refiled after the trial court dismissed the charge without prejudice at the prosecutor's request, following the court's decision to exclude certain State's evidence as a sanction for a violation of the discovery statute, WIS. STAT. § 971.23. Miller contends the trial court in the second action erred in denying his motion to exclude the same evidence because of the decision in the first action to exclude it. We conclude that exclusion in the second action is not required by § 971.23, by the equal protection clause, or by any of the preclusion and estoppel doctrines on which Miller relies. We therefore affirm.

## BACKGROUND

¶ 2. The facts relevant to this appeal are not disputed. On June 5, 2000, the State charged Miller

---

[1] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

with OWI, fifth offense, for an incident that occurred on June 3. The State later added a charge for a violation of WIS. STAT. § 346.63(1)(b),[2] operating with a prohibited alcohol concentration, based on the same incident. In early September 2000, Miller filed a discovery demand for all reports of expert witnesses or, if none existed, a written summary of the expert's findings. The State did not provide any reports or summaries in response to the request until February 23, 2001, the Friday before the Monday jury selection; on that date it provided Miller's counsel with a summary of the State's expert's testimony on blood alcohol concentration (BAC), which it intended to introduce at trial.

¶ 3. Miller filed a motion asserting that the State had not provided the summary within a reasonable time before trial as required by WIS. STAT. § 971.23(1)(e).[3] Miller asked the court to exclude the

---

[2] While statutes relevant to this appeal have been amended since the original charges were filed against Miller, these changes are minor and do not affect our analysis. Accordingly, we cite to and provide excerpts from the 2001–02 version of the statutes.

[3] WISCONSIN STAT. § 971.23 provides in part:

(1) WHAT A DISTRICT ATTORNEY MUST DISCLOSE TO A DEFENDANT. Upon demand, the district attorney shall, within a reasonable time before trial, disclose to the defendant or his or her attorney and permit the defendant or his or her attorney to inspect and copy or photograph all of the following materials and information, if it is within the possession, custody or control of the state:

. . . .

(e) Any relevant written or recorded statements of a witness named on a list under par. (d), including any videotaped oral statement of a child under s. 908.08, any reports or statements of experts made in connection with the case or, if an expert does not prepare a report or statement, a written summary of the expert's findings or the subject matter of his or her testimony, and the

testimony under § 971.23(7m)(a), which provides:

> The court shall exclude any . . . evidence not presented for inspection or copying required by this section, unless good cause is shown for failure to comply. The court may in appropriate cases grant the opposing party a recess or a continuance.[4]

¶ 4. The trial court, the Honorable Moria Krueger presiding, determined that the State had failed to turn over the summary of its expert's testimony within a reasonable time before trial. The State then asked for a continuance, to which Miller objected. Judge Krueger concluded that, unless Miller sought or agreed to a continuance, the court was required by WIS. STAT. § 971.23(1) and (7m)(a) to exclude the evidence. Judge Krueger therefore ruled that the expert's testimony was excluded and denied the State's motion to stay that ruling pending appeal.

¶ 5. When the hearing resumed after a recess, the prosecutor moved to dismiss the charges, stating that he was "not sure [he had] the appropriate charge here at this time and because [he] need[ed] to assess what the status of [the] case [was] based upon [the court's] ruling." Miller opposed the motion. Judge Krueger concluded the trial court did not have the authority to

---

results of any physical or mental examination, scientific test, experiment or comparison that the district attorney intends to offer in evidence at trial.

[4] WISCONSIN STAT. § 971.23(7m)(b), which is not at issue in this case, provides:

In addition to or in lieu of any sanction specified in par. (a), a court may, subject to sub. (3), advise the jury of any failure or refusal to disclose material or information required to be disclosed under sub. (1) or (2m), or of any untimely disclosure of material or information required to be disclosed under sub. (1) or (2m).

deny a prosecutor's motion to dismiss charges because he or she was not prepared to proceed, nor did it have the authority to dismiss with prejudice. Judge Krueger also expressed the opinion that dismissal was appropriate because the State should have the opportunity to prosecute the charges if the defense has timely notice of the summary of the expert's testimony. Judge Krueger therefore granted the motion and dismissed the charges without prejudice.

¶ 6. The State reissued the two charges in a complaint filed in May 2001. The case was assigned to a different judge, the Honorable David Flanagan. Miller moved to "enforce" Judge Krueger's order excluding the State's expert's BAC testimony on the grounds of equal protection, issue preclusion, claim preclusion, and estoppel by record. Judge Flanagan denied the motion in a written decision. He first observed that Judge Krueger had had no expectation that the exclusion ruling would control after a refiling but in fact recognized that the charges could be refiled and the expert's testimony might then be admissible. Judge Flanagan concluded that neither issue preclusion nor claim preclusion applied, reasoning that the issues Judge Krueger ruled on—the timeliness of providing the summary and whether there was good cause for not doing so earlier —were not issues in this case.

¶ 7. Miller was convicted on both charges after a jury trial at which the State's expert testified.

## DISCUSSION

¶ 8. On appeal, Miller challenges Judge Flanagan's decision denying his motion to exclude the State's expert's BAC testimony because of Judge Krueger's order. He renews the grounds in that motion,

and also asserts that the legislature's intent in enacting WIS. STAT. § 971.23(1) and (7m)(a) and judicial estoppel require Judge Flanagan to exclude the testimony.[5]

1. *Statutory Analysis*

¶ 9. Miller argues that the prosecutor's conduct and the rulings of the two trial judges impermissibly "circumvent" WIS. STAT. § 971.23(7m)(a). The premise of this argument is that the purpose of the statute is not only to exclude evidence not provided in compliance with § 971.23(1)(e) unless there is good cause, but also to prevent the State from introducing that evidence if it seeks dismissal and then refiles the charges, as it did here. This argument requires that we construe § 971.23(1) and (7m)(a) and thus presents a question of law, which we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). We begin with the language of the statute and if that is unambiguous, we apply the language to the facts at hand. *Id.* at 406.

¶ 10. The first sentence of WIS. STAT. § 971.23(7m)(a) plainly requires the court to exclude evidence not presented as required by the section if good cause is not shown. *See State v. DeLao*, 2002 WI 49, ¶ 51, 252 Wis. 2d 289, 643 N.W.2d 480. If good cause is shown, the court may exclude the evidence but it is not required to do so; it may instead grant the opposing party a recess or continuance, as provided in the second

---

[5] These arguments that we characterize as "added" are closely connected to the arguments that Miller made in the trial court and may plausibly be considered to have been made in the trial court, although they were not separately identified. We therefore address them.

sentence. *Id.* (citing *State v. Wild*, 146 Wis. 2d 18, 429 N.W.2d 105 (Ct. App. 1988)). There is nothing in the paragraph to suggest that the legislature intended to prevent the offending party from introducing the same evidence in a subsequent proceeding if there was no violation in that proceeding of the party's obligations under § 971.23. Similarly, there is nothing in this paragraph to suggest that the State may not obtain a dismissal of charges after evidence is excluded under this paragraph and then refile the charges.

¶ 11. We therefore reject Miller's argument that the State acted contrary to the statute by asking for a dismissal after Judge Krueger excluded the State's expert's testimony and then refiling charges. WISCONSIN STAT. § 971.23(7m)(a) prevents a situation in which one party has to proceed to trial without adequate time to prepare in response to the other party's required disclosures, and that situation was prevented here by Judge Krueger's ruling. Miller is evidently of the view that the sanction of exclusion of evidence when the State has the option of dismissing and refiling the same charges is not strong enough, but he is arguing for a sanction that the plain language of the statute does not address. For the same reasons, neither Judge Krueger's order granting the motion to dismiss nor Judge Flanagan's refusal to exclude the evidence when the charges were refiled are contrary to or prohibited by § 971.23(7m)(a).

2. *Equal Protection*

¶ 12. Miller argues that, if we construe WIS. STAT. § 971.23(7m)(a) as we have done, there is a violation of his right to equal protection. This presents a question of law, which we review de novo. *Tomczak v. Bailey*, 218 Wis. 2d 245, 260, 578 N.W.2d 166 (1998).

¶ 13. A statute violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and article I, section 1 of the Wisconsin Constitution when it unconstitutionally treats members of similarly situated classes differently. *See id.* at 261. We presume a statute is constitutional and indulge every presumption favoring validity of the law. *Id.* If a legislative classification interferes with a fundamental right or disadvantages a suspect class, we apply strict scrutiny; otherwise, we apply a highly deferential standard and uphold the statute if there is any rational relationship to a legitimate government objective. *Id.* at 261–62, 264.

¶ 14. Miller asserts that dismissal and refiling of the charges interferes with his fundamental right to due process and a speedy trial. However, he does not develop this argument sufficiently. He does not even refer to the case law on these constitutional rights and does not explain why dismissal of the charges and refiling violated those constitutional rights, nor does he relate the delay occasioned by dismissal to the issue of what evidence the State is permitted to introduce in the second case. We therefore apply the "rational basis" test.

¶ 15. Miller argues that, although both the State and defendants have obligations to provide discovery[6] and both are subject to the sanctions in Wis. Stat. § 971.23(7m) for not doing so, only the State has the option of dismissing the case and refiling it, thus avoiding the sanction. However, this difference is not the result of any classification made by the legislature

---

[6] Wisconsin Stat. § 971.23(1) addresses the State's obligations to disclose and § 971.23(2m) addresses the defendant's obligations to disclose.

in this statute. Both the State and defendants are subject to the sanctions and remedies of § 971.23(7m) if they do not meet their statutory obligations, and, under our construction of this paragraph, neither a defendant nor the State is precluded in a subsequent case from using evidence previously excluded under § 971.23(7m) if the statutory disclosure requirements are met in the later case.

¶ 16. The difference Miller points to is not created by this statute but arises from the fundamentally different roles of the prosecutor, who files the charges, and the defendant, who defends against them. The trial court has the discretion to order a dismissal without prejudice at the prosecutor's request if it is in the public interest to do so, *State v. Kenyon*, 85 Wis. 2d 36, 45–47, 270 N.W.2d 160 (1978), and if the request is made before the jury is sworn, *State v. Seefeldt*, 2003 WI 47, ¶¶ 15–19, 261 Wis. 2d 383, 661 N.W.2d 822. Apparently Miller's position is that, unless the statute is read to prevent the State from obtaining a dismissal without prejudice, refiling the charges, and using the excluded evidence in the new case, the statute has a different impact on defendants than it does on the State, and this difference in impact violates the equal protection clause.

¶ 17. Assuming without deciding that the difference in impact of a statute that itself creates no classification is within the scope of the equal protection clause, we nonetheless conclude Wis. Stat. § 971.23(7m)(a) as we have construed it does not violate the equal protection clause. The government has a legitimate interest in the prosecution of criminal charges, consistent with the constitutional rights af-

forded a criminal defendant. Allowing the State the opportunity to dismiss and refile charges when evidence has been excluded under § 971.23(7m)(a) but might not be excluded in a new action furthers that interest in a rational way, even though the defendant does not have the same option. The defendant, like the State, has the protections in § 971.23(7m) against untimely disclosures; the defendant also has the constitutional protections of due process, speedy trial, and double jeopardy prohibition to circumscribe the State's use of its authority to decide when to file charges, when to dismiss, and when to refile.[7]

3. *Issue Preclusion*

¶ 18. Miller argues that the doctrine of issue preclusion bars the State from introducing its expert's BAC testimony because the issue of whether that should be admitted was litigated and decided by Judge Krueger.

¶ 19. Issue preclusion, formerly known as collateral estoppel, limits the relitigation of issues that have been actually decided in a previous case. *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 219, 594 N.W.2d 370 (1999). The burden is on the party asserting issue preclusion to establish that it should be applied. *Id.* An

---

[7] Due process protection applies to pre-charging delays, *State v. Wilson*, 149 Wis. 2d 878, 904, 440 N.W.2d 534 (1989); the right to a speedy trial commences when the defendant is officially accused of the charges, *State v. Borhegyi*, 222 Wis. 2d 506, 511, 588 N.W.2d 89 (Ct. App. 1998); and the double jeopardy clause limits the State's ability to request that a trial be terminated and restarted after the jury has been sworn. *State v. Seefeldt*, 2003 WI 47, ¶¶ 15–19, 261 Wis. 2d 383, 661 N.W.2d 822.

issue on which relitigation may be foreclosed may be one of evidentiary fact, of "ultimate fact," or of law. *Manu-Tronics, Inc. v. Effective Mgmt. Sys., Inc.*, 163 Wis. 2d 304, 316 n.8, 471 N.W.2d 263 (Ct. App. 1991). If the issue in both actions is the same and has actually been litigated, and the party against whom preclusion is asserted was a party, in privity with a party, or had sufficient identity of interest with a party in the previous litigation, then the trial court is to apply various factors to decide if the application of the doctrine is fundamentally fair. *Paige K.B.*, 226 Wis. 2d at 224–25; *Masko v. City of Madison*, 2003 WI App 124, ¶¶ 5–6, 265 Wis. 2d 442, 665 N.W.2d 391.[8]

¶ 20. A threshold question in this case is whether there is an identity of issues. This requires a comparison of the issue or issues decided by Judge Krueger and the issue or issues that Miller seeks to preclude litigation on in this case. "[I]t is not the similarity between the types of litigation or actions involved but between the factual [and legal] issues and their roles in the respective actions that is important to whether [issue preclusion] will apply." *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 400, 497 N.W.2d 756 (Ct. App. 1993) (citation omitted). We review the question of the identity of issues as a question of law because it

---

[8] The State argues that there are other threshold requirements before consideration of the fairness factors: that the issue has been determined by a "valid and final judgment" and that determination of the issue is essential to the judgment, citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) and *State v. Wille*, 185 Wis. 2d 673, 680, 518 N.W.2d 325 (Ct. App. 1994). According to the State, these requirements are not met in this case. Because we decide that issue preclusion does not apply for another reason, we do not discuss these arguments.

involves the application of a legal standard to undisputed facts. *See Paige K.B.*, 226 Wis. 2d at 224.

¶ 21. The issues Judge Krueger decided with respect to the State's expert's BAC testimony were these: (1) Did the State provide a summary of the expert's testimony within a reasonable time prior to trial? (2) If not, did the State have good cause for not doing so? (3) If the answer to the first two questions is no, did WIS. STAT. § 971.23(7m)(a) allow the court any option other than excluding the expert witnesses' testimony? The third issue is purely one of law; the first two involve applying the statutory standards to the facts, which were not disputed and concerned the date of the demand, the date and substance of the State's response, the date of the trial, and the State's reasons for not providing the report sooner.

¶ 22. In the second action, the facts were different in that Miller already had a copy of the expert's summary. Thus, the first two issues decided by Judge Krueger were not before Judge Flanagan for decision. The issue that Miller raised in his motion did ask Judge Flanagan to decide whether WIS. STAT. § 971.23(7m)(a) required that the expert's testimony be excluded in this action, but that was not the same as the third issue decided by Judge Krueger. Judge Krueger decided that § 971.23(7m)(a) required exclusion of the State's expert testimony in the trial then scheduled because the State had not provided a summary within a reasonable time before that trial and did not have good cause. The issue before Judge Flanagan regarding that testimony was whether § 971.23(7m)(a) or some other authority required that the testimony be excluded even though Miller had a summary of the expert's testimony well in advance of the trial in the second case.

¶ 23. Miller argues that the factual context of the issue or issues presented to Judge Krueger and to Judge Flanagan are different only because the State "manipulated" the facts by seeking dismissal and then refiling the charges, and we should therefore disregard the differences. However, the doctrine of issue preclusion is not concerned with why the facts are different in the second litigation and, thus, why there is a different issue of law presented. Rather, the doctrine is aimed at limiting litigation of an issue that has actually been litigated. We are satisfied that, by taking the position that its expert's BAC testimony is admissible in this action, the State is not seeking to relitigate an issue of law or fact decided by Judge Krueger.[9]

### 4. *Claim Preclusion*

¶ 24. Miller contends the doctrine of claim preclusion requires that the State's expert's BAC testimony be excluded in this action because, once the State chose not to appeal Judge Krueger's ruling and instead sought a dismissal, that ruling was final.

¶ 25. The doctrine of claim preclusion, formerly called res judicata, bars claims that were or could have been litigated in a prior proceeding when these require-

---

[9] We observe that the factual differences, and hence the different legal issues presented in the first and second actions here, distinguish this situation from one in which a motion to suppress evidence based on a legal standard applied to historical facts is decided in a prior action and in the later action a party seeks a ruling on suppression of the same evidence based on the same historical facts and same legal standard. *See, e.g., Jones v. State*, 47 Wis. 2d 642, 655–57, 178 N.W.2d 42 (1970). Our decision does not address issue preclusion in such a situation.

ments are met: (1) an identity between the parties or their privies in the prior and present actions; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995); *De Pratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883 (1983). Whether claim preclusion applies presents a question of law, which we review de novo. *Northern States Power Co.*, 189 Wis. 2d at 551.

¶ 26. We conclude that claim preclusion is not applicable for two independent reasons. First, as is evident from the name of this doctrine, its application bars a claim, or cause of action, but Miller does not seek that result. The claims in this case are the charges that Miller violated WIS. STAT. § 346.63(1)(a) and (b) in the incident occurring on June 3, 2000. However, Miller is not arguing that the State is barred from refiling those charges. Rather, Miller is arguing that in the second action on the same charges, which he implicitly concedes the State was not precluded from filing, the State may not present certain evidence because the admissibility of that evidence was determined in the first action. This is not the remedy that the application of claim preclusion affords.

¶ 27. The second reason claim preclusion is inapplicable is that there was no "final judgment on the merits." Judge Krueger's order excluding the BAC testimony did not in any sense decide the merits of the charges against Miller. The order dismissing the charges also was not a "final judgment on the merits" because it was without prejudice, meaning that no decision on the merits had been made and the State was

489

therefore free to refile the same charges to obtain a judgment on their merits. *See Russell v. Johnson*, 14 Wis. 2d 406, 411–12, 111 N.W.2d 193 (1961) (holding, in a civil action for damages, that a dismissal without prejudice does not constitute a judgment because it is not the final determination of the rights of the parties in the actions).

¶ 28. It is true that a final judgment on the merits need not be the result of a full litigation of the claims in order for claim preclusion to apply. For example, a stipulation may meet the requirement of a "final judgment on the merits," *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 168–69, 477 N.W.2d 65 (Ct. App. 1991), as may a default judgment. *See A.B.C.G. Enterprises v. First Bank Southeast*, 184 Wis. 2d 465, 481, 515 N.W.2d 904 (1994). However, the common element is that the judgment ends the litigation on the merits of the claim or claims. Neither Judge Krueger's ruling excluding the evidence nor her order dismissing the charges without prejudice did that.

¶ 29. Miller recognizes that no Wisconsin case has applied claim preclusion in a situation such as this, but he asks us to follow an Oregon case, *State v. Swain*, 517 P.2d 684 (Or. 1974). In that case the state did not appeal from an order suppressing evidence, which the state statute permitted, but instead elected to have the action dismissed after the preliminary hearing. *Id.* at 685–86. The Oregon court, without analysis of the requirements of claim preclusion, simply stated that because the state could have appealed the order, it "had to be a final determination and res judicata." *Id.* at 686. We do not find this decision persuasive. There is no reference to or analysis of the requirements of claim preclusion, and no explanation or logic supporting the bald conclusion that

the appealability of an order makes it a final judgment on the merits for purposes of claim preclusion. Indeed, it appears the court was talking about issue preclusion, because it did not bar the action on the same charges but rather the admission of evidence previously excluded. However, if we read the decision in this way, it does not support Miller's position—while the issue of the admissibility of evidence in the first Oregon case may have been the same as in the second case, we have already held that is not true here.[10]

## 5. *Estoppel by Record*

¶ 30. Estoppel by record is a doctrine similar to claim preclusion under which a party is prevented from litigating what was litigated or might have been litigated in another proceeding, but it is the record of the prior proceeding, not the judgment, that is the bar to the second proceeding. *Brooks v. Bank of Wisconsin Dells*, 161 Wis. 2d 39, 46, 467 N.W.2d 187 (Ct. App. 1991). Estoppel by record does not apply for the first reason that claim preclusion did not: Miller is not asserting that the State is barred from refiling and litigating the charges against him; instead he asserts

[10] One of the factors courts are to consider in deciding whether to apply issue preclusion, if the threshold requirements are met, is whether the party against whom issue preclusion is asserted could have obtained review of the judgment. *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327 (1993). Thus, the question whether the State could have appealed Judge Krueger's order excluding the BAC testimony under WIS. STAT. § 974.05(1)(d)2 (providing that the State may appeal as of right certain orders and judgments relating to the suppression of evidence) would become relevant if the threshold requirements had been met.

the State is barred from introducing the evidence Judge Krueger ruled was excluded in the prior action.[11]

6. *Judicial Estoppel*

¶ 31. Judicial estoppel is a doctrine that is aimed at preventing a party from manipulating the judiciary as an institution by asserting a position in a legal proceeding and then taking an inconsistent position. *Salveson v. Douglas County*, 2001 WI 100, ¶ 37, 245 Wis. 2d 497, 630 N.W.2d 182. The doctrine requires a showing that: (1) a party against whom estoppel is sought presents a later position that is "clearly inconsistent" with the earlier position; (2) the facts at issue are the same in both cases; and (3) the party to be estopped convinced the first court to adopt its position. *Id.*, ¶ 38. Whether these elements are met is a question of law, which this court reviews de novo; whether to apply the doctrine if the elements are met is a matter for the trial court's discretion. *Id.*

¶ 32. Miller contends that the elements of judicial estoppel are met here because when the prosecutor asked Judge Krueger for a dismissal he gave as a reason that he was not sure he had the appropriate charges before the court at that time and needed to assess the

---

[11] Estoppel by record has been employed when the prior proceeding was before an administrative agency. *See, e.g., Acharya v. AFSCME*, 146 Wis. 2d 693, 696, 432 N.W.2d 140 (Ct. App. 1988). Presumably it has been used in such instances because there was no prior final judgment on the merits from a court of competent jurisdiction, and hence claim preclusion was not available. Miller apparently assumes that estoppel by record is available when the prior proceeding was in court and the third requirement for claim preclusion cannot be met for other reasons. We do not decide whether this assumption is correct.

status of the case based on the court's ruling. This position, according to Miller, is an implicit concession that the expert's BAC testimony would be excluded in a second action, and Judge Krueger in effect "adopted" this implicit concession when she granted the motion to dismiss without prejudice. The State's implicit position, Miller continues, is inconsistent with refiling the same charges and seeking to present the excluded testimony in the new action. Miller asserts that this is what the prosecutor intended to do all along, and he therefore misled Judge Krueger.

¶ 33. We view it as unnecessary to decide what the prosecutor meant by his quoted statement because the third element for judicial estoppel is not met. The record is clear that Judge Krueger was of the view that WIS. STAT. § 971.23(7m) would not bar use of the State's expert's BAC testimony in a new action. Thus, even if the prosecutor somehow implicitly conveyed that he believed the testimony would not be admissible in a new action because of that statute, Judge Krueger did not adopt that position.

## CONCLUSION

¶ 34. Underlying all of Miller's arguments is the theme that it is unfair for the State to be able to use the excluded testimony by obtaining a dismissal without prejudice and then refiling the charges. However, that result is not precluded by WIS. STAT. § 971.23, the equal protection clause, or the preclusion and estoppel doctrines that Miller invokes. Judge Flanagan therefore correctly denied Miller's motion to exclude the State's expert's BAC testimony.

*By the Court.*—Judgment affirmed.