COURT OF APPEALS
DECISION
DATED AND FILED

October 22, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2080**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV758

IN COURT OF APPEALS
DISTRICT II

---

MERRILEE ROJAS,

    PLAINTIFF-THIRD-PARTY
    DEFENDANT-RESPONDENT,

  V.

KARDO RASHA,

    DEFENDANT,

  V.

MILWAUKEE COFFEE HOSPITALITY LLC, MILWAUKEE COFFEE HOSPITALITY OAK CREEK LLC, MCH MENOMONEE FALLS #2 RE LLC, MCH KENOSHA RE LLC, MCH STURTEVANT RE LLC, MILWAUKEE COFFEE HOSPITALITY KENOSHA LLC, KARDO 17 INC., DIVERSEY D.B.T., INC., KARDO 21 INC., KARDO 22 INC., MCH HALES CORNERS RE LLC, MCH OCONOMOWOC RE LLC AND KARDO 8 LLC,

    THIRD-PARTY PLAINTIFFS-APPELLANTS.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Reversed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  In this appeal from a circuit court order granting the third-party defendant's motion to dismiss the intervenor's complaint, we consider whether the court erred in concluding both that the intervenor's action was barred by issue preclusion and that, even if issue preclusion did not apply, the complaint failed to plead intentional misrepresentation with sufficient particularity.  We conclude that the court erred on both fronts.  Accordingly, we reverse.

## BACKGROUND

¶2    The appeal arises from a dispute between Merrilee Rojas, Kardo Rasha, and the intervenors Milwaukee Coffee Hospitality LLC, Milwaukee Coffee Hospitality Oak Creek LLC, MCH Menomonee Falls #2 RE LLC, MCH Kenosha RE LLC, MCH Sturtevant RE LLC, Milwaukee Coffee Hospitality Kenosha LLC, Kardo 17 Inc., Diversey D.B.T., Inc., Kardo 21 Inc., Kardo 22 Inc., MCH Hales Corners RE LLC, MCH Oconomowoc RE LLC, and Kardo 8 LLC (referred to collectively as "the companies").  The companies are all owned by Rasha for purposes of operating various Dunkin Donuts and other franchise locations in and around Wisconsin.

¶3    After Rasha allegedly cut ties with his then-banker Rojas, Rojas filed a civil complaint against Rasha in the circuit court for Waukesha County.  Shortly

thereafter, eleven of the companies filed a complaint in the circuit court for Cook County, Illinois, seeking damages for fraud based on Rojas' alleged scheme to falsify their financial information on loan documents to secure more favorable refinancing terms.  Rojas filed a motion to dismiss the Illinois complaint alleging fraud by omission based on the eleven companies' "fail[ure] to adequately plead a claim for fraud against [Rojas]."  The Illinois court granted Rojas' motion, dismissing the Illinois complaint "without prejudice" and with leave to file an amended complaint.

¶4      However, the eleven companies did not refile in Illinois, instead deciding to bring claims in Rojas' pending action in Waukesha County.  After the deadline to refile in Illinois expired, Rojas moved the Illinois court to convert its dismissal to a dismissal "with prejudice."  After the eleven companies explained their plan to file new claims in the Wisconsin case, the Illinois court entered an order dismissing the claims with prejudice only as pertaining to Illinois and "without prejudice as to any pending or potential future action in a jurisdiction other than the courts of the State of Illinois."

¶5      As they had represented to the Illinois court, the eleven companies, along with the other Rasha companies identified above, then moved to intervene in the pending Waukesha County case.  The circuit court granted the companies leave to intervene and to file their complaint asserting claims for intentional and strict liability misrepresentation against Rojas.

¶6      Pursuant to WIS. STAT. § 802.06(2)(a)(6). (2023-24),[1] Rojas filed a motion to dismiss the intervenor's complaint for failure to state a claim upon

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

3

which relief can be granted. The circuit court granted Rojas' motion to dismiss. It concluded that the doctrine of issue preclusion applied to bar the companies' claims, reasoning that "the issues raised … in the intervenor's complaint, are identical or similar to the issues that were raised in the Illinois proceeding"; the parties to the Illinois and Wisconsin cases are "reasonably similar"; and "[t]he allegations are similar between each of the … state proceedings." The court also concluded that the intentional misrepresentation claim was not pled with sufficient particularity as required by WIS. STAT. § 802.03(2)[2] and dismissed the claim on that ground as well. The companies appeal.

## DISCUSSION

¶7 The companies raise two issues on appeal. First, they argue that the circuit court erred in concluding that the doctrine of issue preclusion applies to bar them from bringing their intervenors' complaint. Second, they argue that the court erred in concluding that the companies failed to plead intentional misrepresentation with particularity, as required by WIS. STAT. § 802.03(2).[3] We address each argument in turn under the applicable legal standards set forth below.

---

[2] WISCONSIN STAT. § 802.03(2) states, in relevant part, as follows: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[3] The circuit court concluded that there is not a heightened pleading standard for a claim of strict liability misrepresentation. Although Rojas takes issue with this conclusion on appeal and argues that the pleading requirements are the same for all types of misrepresentation, she did not argue to the circuit court that strict liability misrepresentation was subject to the heightened pleading standards of WIS. STAT. § 802.03(2). Before the circuit court, Rojas instead sought dismissal of the strict-liability count for failure to meet Wisconsin's "notice pleading standard" in accordance with WIS. STAT. § 802.02(1)(a). Arguments raised for the first time on appeal are waived. *See Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476. We therefore do not address this argument further.

*Applicable Legal Standards*

¶8      Issue preclusion involves a two-step analysis: (1) whether issue preclusion may be applied as a matter of law; and (2) whether applying issue preclusion would be fundamentally fair. ***Rille v. Physicians Ins. Co.***, 2007 WI 36, ¶36, 300 Wis. 2d 1, 728 N.W.2d 693.  We review the first step de novo and the second step, which is required only if the first step is satisfied, for the erroneous exercise of discretion. ***Id.***, ¶¶37, 39.

¶9      A motion to dismiss a complaint for failure to state a claim tests the legal sufficiency of the complaint. *See **Watts v. Watts***, 137 Wis. 2d 506, 512, 405 N.W.2d 303 (1987).  "When we review a motion to dismiss, factual allegations in the complaint are accepted as true for purposes of our review," as well as all "reasonable inferences" that arise from the allegations. ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶¶18-19, 356 Wis. 2d 665, 849 N.W.2d 693. Plaintiffs must "allege facts that plausibly suggest they are entitled to relief." ***Id.***, ¶31.  Whether the complaint states a claim for relief is a question of law that we review independently. ***Friends of Kenwood v. Green***, 2000 WI App 217, ¶11, 239 Wis. 2d 78, 619 N.W.2d 271.

*Issue Preclusion*

¶10     We first address the circuit court decision that the companies were barred by issue preclusion from raising their intervenor's claims in the underlying action.  The companies argue that the court erred by dismissing their claims on this ground because no issues or facts were litigated in the Illinois action, the Illinois case did not yield a final adjudication on the merits, and issues of fairness weigh against issue preclusion.  Rojas, on the other hand, submits that an issue which precludes the companies' intervenor's claims was litigated and decided in

the Illinois action, stating that the Illinois court determined that the eleven companies that sued there failed to allege fraud with particularity.

¶11    We pause here to reiterate some key facts from the Illinois proceedings as set forth above.  The claims in Wisconsin and Illinois are distinct: in Illinois, the complaint alleged fraud by omission, while in Wisconsin the claims alleged intentional and strict liability misrepresentation.  The companies did not refile the complaint in Illinois with the same claims despite having initially been granted leave to do so.  Rather, they filed a new complaint with different claims in Wisconsin, which is precisely what they told the Illinois court that they planned to do.  As such, the Illinois court granted dismissal without prejudice with the specific intention that the companies would file new claims in the existing Wisconsin case.

¶12    Here, we need only look to the first step of the issue preclusion test, which requires the circuit court to decide whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment and whether the determination was essential to the judgment, to conclude that the court erred in applying issue preclusion.  *See* **Rille**, 300 Wis. 2d 1, ¶37.  The sole question before the Illinois court was whether the eleven companies' complaint stated a viable claim for fraudulent omission under Illinois law.  The Illinois court concluded that it had not and provided the companies with the opportunity to replead in Illinois.  When they opted to not replead there, the court explicitly gave the companies the option to pursue an action in another forum.

¶13    Issue preclusion only applies where "the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged."  **State ex rel.**

6

*Flowers v. DHSS*, 81 Wis. 2d 376, 387, 260 N.W.2d 727 (1978). Rojas bears the burden to show that any issue decided in Illinois was identical in all respects to the issue before the circuit court. *See Masko v. City of Madison*, 2003 WI App 124, ¶4, 265 Wis. 2d 442, 665 N.W.2d 391. In analyzing the complaints at issue here, the court simply assumed that the pleading deficiencies that allegedly supported dismissal in Illinois must have been dispositive of the different claims asserted in Wisconsin because the claims were "similar." The court did not determine that the claims were "identical," nor did it conclude that the substantive law underlying those claims was "identical" in all respects to that underlying claim in the Illinois action. Had it so determined, it would have done so in error because the elements of the Wisconsin and Illinois claims are not identical in all respects. Because the substantive law and facts needed to prove each claim are different, the Illinois court's decision on the sufficiency of the allegations to support a claim of fraud by omission has no bearing on the sufficiency of the allegations of intentional and strict liability misrepresentation in Wisconsin.

¶14 Explaining further, the issues related to the companies' claims were not litigated on the merits in the Illinois action. To the contrary, Rojas and the circuit court have identified these issues as "similar" to ones the companies could have raised had they filed an amended complaint in Illinois. While perhaps the companies could have chosen to refile in Illinois or to file in Wisconsin versus Illinois initially, this is not "another bite at the apple" as Rojas claims. The companies informed the Illinois court that they wished to file different claims arising from the same underlying facts in Wisconsin. The Illinois court allowed this. To restate the obvious, the intentional misrepresentation and strict liability representation alleged by the companies under Wisconsin law are separate claims from the fraud-by-omission action under Illinois law and with different, albeit

"similar," elements to prove. Moreover, even if the companies had determined to pursue the same or a similar fraud-by-omission claim in Illinois with an amended complaint alleging additional facts, the court provided them an opportunity to do so. Thus, the issue of the sufficiency of the complaint was not actually litigated in Illinois, as that court clearly recognized.

¶15 Finally, although we need not reach the fairness issue, the facts here dictate that the companies should be allowed to maintain their intervening claims against Rojas as anticipated and allowed for by the Illinois court. *See **Rille***, 300 Wis. 2d 1, ¶37. Rojas was on fair notice that the companies would be intervening in her existing Waukesha County case, and the Illinois court specifically amended its order to allow for just that.

¶16 In sum, although the facts giving rise to the Illinois and Wisconsin claims are identical, the legal authorities and theories, elements, and issues raised by the claims are not identical. As such, the circuit court erred as a matter of law in concluding the companies' claims were barred by issue preclusion. Furthermore, given the clear intention of the companies to file in the existing Wisconsin action rather than refile a separate Illinois action, fairness dictates that the companies not be barred from raising their intervening claims. In other words, although the Illinois court initially gave the companies an opportunity to replead their fraud claims in that venue and barred them from refiling there after they declined to do so, the Illinois court expressly reserved the companies' right to refile the claims in any other jurisdiction, including the State of Wisconsin. Issue preclusion does not apply.

*Sufficiency of the Complaint*

¶17    The companies also argue that the circuit court erred in concluding that intentional misrepresentation was not sufficiently pled in the intervenor's complaint.  To establish the basics of a claim, a complaint must have: "A short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief....  A demand for judgment for the relief the pleader seeks."  WIS. STAT. § 802.02(1)(a)-(b).  However, because allegations of fraud were made here, we also must consider WIS. STAT. § 802.03(2), which requires "the circumstances constituting fraud or mistake [to] be stated with particularity."

¶18    To plead something with particularity, it is necessary to specify the time, place, and content of an alleged false representation.  *Friends of Kenwood*, 239 Wis. 2d 78, ¶14.  Particularity means the "who, what, when, where[,] and how."  *Id.* (citation omitted).  The substantive law underlying the claim "drives what facts must be pled."  *Data Key Partners*, 356 Wis. 2d 665, ¶31.  Facts should be alleged that tell the circuit court the plaintiffs are plausibly entitled to relief.  *Id.*

¶19    In granting Rojas' motion to dismiss, the circuit court concluded that the companies had failed in the intervenor's complaint to meet the heightened pleading standard required by WIS. STAT. § 802.03(2).  In reaching this conclusion, the court cited to one allegation from the intervenor's complaint— "that Rojas intentionally and knowingly submitted materially different fabricated documents including false financial documents, and projections to ensure First Midwest Bank would approve and maintain the First Midwest loans" and concluded that the statute "require[s] more specific spelling out of what the documents were, and not just fabricated documents, what the documents were and what the exact nature of the false financial documents and projections were that were submitted."  The court, however, reached its conclusion without explaining

its reasoning or analyzing the allegations for "particularity" as required. *See Friends of Kenwood*, 239 Wis. 2d 78, ¶14.

¶20 Applying the proper standards, as we now explain, we conclude that the companies have pled the intentional misrepresentation claim with sufficient particularity as required by WIS. STAT. § 802.03(2). The companies satisfied this heightened pleading standard with their sufficiently pled allegations as to the "time, place, and content" of Rojas' misrepresentations. *See Friends of Kenwood*, 239 Wis. 2d 78, ¶14. The intervenor's complaint meets the "who, what, when, where[,] and how" requirements in its allegations of intentional misrepresentation. *See id.* The "who" is Rojas; the "what" is falsifying documents; the "when" is in 2016 while Rojas was employed at First Midwest Bank; the "where" is at First Midwest Bank; and the "how" is by creating a fake email account to look like it was from within the companies and inflating the reported numbers to show greater revenue than was accurate. The complaint further alleges that on behalf of the companies, Rasha received information from an employee at First Midwest Bank that there were discrepancies in the loan. Rasha saw the inflated and falsified numbers and surmised that it had been Rojas. These allegations meet the heightened pleading standard required to put Rojas on notice of the circumstances surrounding her alleged intentional misrepresentation and are thus sufficient to survive a motion to dismiss.

## CONCLUSION

¶21 We hold that issue preclusion does not foreclose the companies' claims against Rojas. The companies do not seek to relitigate issues that were determined in a previous action and were essential to a previous judgment. *See Rille*, 300 Wis. 2d 1, ¶¶36–37. We further conclude that the circuit court erred in

concluding that the intervenor's complaint was insufficiently pled to withstand the motion to dismiss. We reverse the order of the circuit court.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.